COOLEY LLP
KOJI F. FUKUMURA (189719)(kfukumura@cooley.com)
RYAN E. BLAIR (246724) (rblair@cooley.com)
ERIN C. TRENDA (277155) (etrenda@cooley.com)
HEATHER M. SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

*Attorneys for Defendants Activision Blizzard, Inc., Robert A. Kotick, and Collister Johnson*

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, SPENCER NEUMANN AND COLLISTER JOHNSON,<br><br>Defendants. | Case No.  2:19-CV-03788-SVW-AFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT**<br><br>Date:      September 16, 2019<br>Time:      1:30 p.m.<br>Judge:    Hon. Stephen V. Wilson |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Activision Blizzard, Inc. ("Activision Blizzard"), Robert A. Kotick, Spencer Neumann, and Collister Johnson (collectively, "Defendants") respectfully request that, pursuant to Federal Rule of Evidence 201, the incorporation by reference doctrine, and related authority, the Court take judicial notice of the documents listed below and attached to the Declaration of Ryan E. Blair in Support of Defendants' Motion to Dismiss the Consolidated Complaint (the "Blair Declaration").

## I.   INTRODUCTION

The Court should consider Exhibits A–L when resolving Defendants' Motion to Dismiss the Consolidated Complaint. All of the exhibits listed below are incorporated by reference into the Consolidated Complaint (the "Complaint") and are judicially noticeable under Federal Rule of Evidence 201.

| Exh. | Description | ¶¶ in Complaint |
|---|---|---|
| **A** | Activision Blizzard 2014 Form 10-K | 28 |
| **B** | Activision Blizzard 2015 Form 10-K | 28 |
| **C** | Activision Blizzard 2016 Form 10-K | 28 |
| **D** | Activision Blizzard 2017 Form 10-K | 28 |
| **E** | Activision Blizzard Form 10-Q—Q2 2018 | 10, 15, 45 |
| **F** | Activision Blizzard Form 10-Q—Q3 2018 | 10, 15, 48 |
| **G** | Activision Blizzard January 10, 2019 Form 8-K | 51 |
| **H** | Activision Blizzard 2018 Form 10-K | 28 |
| **I** | Transcript of Activision Blizzard Earnings Call on August 2, 2018. | 44 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

RJN ISO MOTION TO DISMISS
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

| Exh. | Description | ¶¶ in Complaint |
|---|---|---|
| **J** | Transcript of Activision Blizzard Earnings Call on November 8, 2018. | 46 |
| **K** | Activision Press Release, "*Bungie and Activision Announce Exclusive, Worldwide Partnership*" dated April 29, 2010. | 21 |
| **L** | Bungie Press Release, "*Our Newest Partnership*" dated June 1, 2018. | 37 |

## II.   LEGAL STANDARDS

In resolving a Rule 12(b)(6) motion to dismiss in a securities class action, "courts must consider the complaint in its entirety," including (1) documents incorporated by reference, and (2) matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). "These are each distinct concepts," *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106 (E.D. Wash. 2013), and each is addressed separately below.

**Incorporation by reference.**  A defendant may seek to incorporate a document into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

**Judicial notice.**  Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Judicial notice is a ground separate from the doctrine of incorporation by reference, and it extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820 (C.D. Cal. 1998) (emphasis added) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Courts may take judicial notice of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

"publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017).

## III.   ARGUMENT

### A.   The Court Should Consider the Documents Plaintiff Relies On Pursuant to the Incorporation by Reference Doctrine.

A defendant may seek to incorporate a document into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Ritchie*, 342 F.3d at 908.  The incorporation doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  "Once a document is deemed incorporated by reference, ***the entire document is assumed to be true*** for purposes of a motion to dismiss, and both parties— and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d at 1058 n.10 (emphasis added).

The Court should deem Exhibits A–L incorporated by reference because Lead Plaintiff U.A. Local No. 393 Defined Benefit Pension and Defined Contribution Plans ("Plaintiff") paraphrases or quotes extensively from each document in the Complaint, and relies on these documents as the basis of the claims.  As such, Defendants offer the full text (or relevant excerpts) so the Court can consider Plaintiff's citations and allegations in context.  *See, e.g.*, *In re Silicon Storage Tech., Inc.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

**B.    The Court Should Also Take Judicial Notice of the Documents.**

All documents listed are also subject to judicial notice—an independent ground for the Court's consideration.  Judicial notice permits a court to take notice of facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Judicial notice is distinct from incorporation by reference, and extends to "matters of public record *outside* the pleadings." *Plevy*, 38 F. Supp. 2d at 820 (emphasis added).

Courts "routinely" take judicial notice of ***SEC filings***, ***press releases***, ***conference call transcripts***, ***news articles***, and ***other public documents*** to establish what information was in the public realm.  *See City of Roseville Emps.' Ret. Sys.*, 963 F. Supp. 2d at 1107 (SEC filings and corporate press releases); *see also, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (information in news articles); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (news articles, presentations, and conference calls with analysts); *Wilson v. Edison Int'l, Inc.*, 2016 WL 7469601, at *6 (C.D. Cal. July 6, 2016) (agency documents, analyst reports, and news articles).

All of the exhibits attached to the Blair Declaration fall into these categories and are therefore proper subjects of judicial notice:

- *SEC Filings*—Exhibits A–H.
- *Earnings Calls Transcripts*—I and J.
- *Press Releases*—Exhibits K and L.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A–L under Federal Rule of Evidence 201 and consider Exhibits A–L under the incorporation by reference doctrine.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

Dated:     August 9, 2019          COOLEY LLP


*/s/ Koji F. Fukumura*
Koji F. Fukumura (189719)
Attorneys for Defendants
ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, AND COLLISTER JOHNSON

Dated:     August 9, 2019          IRELL & MANELLA LLP


*/s/ Craig Varnen*
Craig Varnen (170263)
Alaina Bird (318044)

Attorneys for Defendant
SPENCER NEUMANN

## **ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Koji F. Fukumura, attest on behalf of all other signatories that concurrence in the content of this filing and authorization to make this filing have been obtained from each of the other signatories.

Dated:     August 9, 2019          */s/ Koji F. Fukumura*
                                   Koji F. Fukumura

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

RJN ISO MOTION TO DISMISS
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM