COOLEY LLP
KOJI F. FUKUMURA (189719) (kfukumura@cooley.com)
RYAN E. BLAIR (246724) (rblair@cooley.com)
ERIN C. TRENDA (277155) (etrenda@cooley.com)
HEATHER M. SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

*Attorneys for Defendants Activision Blizzard, Inc.,*
*Robert A. Kotick, and Collister Johnson*

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, SPENCER NEUMANN AND COLLISTER JOHNSON,<br><br>Defendants. | Case No. 2:19-CV-03788-SVW-AFM<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date:    October 28, 2019<br>Time:    1:30 p.m.<br>Judge:   Hon. Stephen V. Wilson<br><br>***Oral Argument Requested*** |

DEFENDANTS' MEM. P&A  I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................... 1

II.     ARGUMENT............................................................................................ 2

    A.      Legal Standard ............................................................................. 2

    B.      The Court Need Look No Further than the Complaint. ........................... 3

        1.      Challenged Statements............................................................ 3

        2.      Allegations of Scienter............................................................ 5

        3.      Loss Causation ....................................................................... 6

    C.      The Court Must Consider All Reasonable Inferences When Assessing Scienter.......................................................................... 6

    D.      Defendants Properly Asked the Court to Take Judicial Notice of and Consider Material Incorporated by Reference in the Consolidated Complaint............................................................... 8

III.    CONCLUSION ......................................................................................... 9

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

i.

**DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abada v. Charles Schwab & Co., Inc.*,
127 F. Supp. 2d 1101 (S.D. Cal. 2000) ...................................................................2

*Amarel v. Connell*,
102 F.3d 1494 (9th Cir. 1996) ...............................................................................2

*Anshen v. Facebook*,
2017 WL 5635021 (C.D. Cal. Oct. 4, 2017) ...................................................1, 7, 8

*Curry v. Yelp Inc.*,
875 F.3d 1219 (9th Cir. 2017) ...............................................................................5

*Dura Pharm. Inc v. Broudo*,
544 U.S. 336 (2005)................................................................................................6

*Gompper v. VISX, Inc.*,
298 F.3d 893 (9th Cir. 2002) ..............................................................................6, 7

*In re Hewlett-Packard Co. Sec. Litig.*,
2013 WL 3582761 (C.D. Cal. June 17, 2013)....................................................2, 3

*Korzen v. Tetra Tech Inc.*,
2014 WL 12603209, at *2 (C.D. Cal. Jan. 17, 2014)...............................................4

*Lipton v. Pathogenesis Corp.*,
284 F.3d 1027 (9th Cir. 2002) ...............................................................................6

*Ronconi v. Larkin*,
253 F.3d 423 (9th Cir. 2001) ..............................................................................3, 9

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
5 F.3d 1255 (9th Cir. 1993) ....................................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)........................................................................................*passim*

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009) ..............................................................................4, 5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

**DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM**

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Other Authorities**

Federal Rule of Evidence 201 .................................................................................. 8

Local Rule
   7-18(c) ................................................................................................................ 2

H.R. Rep. No. 104-369 (1995) .................................................................................. 3

Senate Rep. No. 104-98 (1995) ................................................................................. 3

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' MEM. P&A  I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

## I.    INTRODUCTION

Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA") to combat the exact situation here.  On September 11, 2019, the Court issued a Scheduling Notice/In Chambers Order denying Defendants' motion to dismiss (Dkt. 84, the "Order").  The Court's Order was a docket-text entry that did not determine whether Plaintiff has met the heightened pleading standards—a determination the PSLRA *requires* the Court to make now.[1]  The Court cannot simply wait for summary judgment, at which point Defendants will have already suffered the harm the PSLRA was enacted to prevent.  As the Supreme Court emphasized in *Tellabs*, "*[e]xacting pleading requirements* are among the control measures Congress included in the PSLRA" to check abusive practices that "impose substantial costs on companies and individuals whose conduct conforms to the law."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) (emphasis added).

Disagreement between the parties over whether Plaintiff has pled facts sufficient to satisfy the heightened pleading requirements of the PSLRA does *not* mean the parties have created issues of law or fact that are not resolvable on a Rule 12(b)(6) motion to dismiss.  To the contrary, this is exactly what the Court is asked to resolve during the motion to dismiss phase of a private securities fraud action.  Moreover, by permitting this case to proceed, the Court implicitly held that a shareholder can plead securities fraud by hindsight whenever a business relationship has ended.  But the Court itself recently cautioned against the danger of pleading by hindsight. *Anshen v. Facebook*, 2017 WL 5635021, at *3 (C.D. Cal. Oct. 4, 2017) (Wilson, J.) (acknowledging heightened pleading standard and rejecting "broad theory" of scienter that would have allowed plaintiff to allege "in hindsight" that "talented employees *must have known* about the issue") (emphasis added).

---

[1] The Court's Order states only that: "The parties have raised issues which are not resolvable on the Motion to Dismiss.  The Court would be required to impermissibly look beyond the pleadings to resolve the legal and factual disputes presented.  The issues are therefore better addressed on summary judgment."  (Dkt. 84, Order.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

DEFENDANTS' MEM. P&A  I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

Defendants respectfully request that the Court reconsider its Order because the Court failed to consider the absence of any well-pled facts in the Complaint, and for clear error in summarily denying the motion to dismiss. *See* L.R. 7-18(c). ***First***, the Court need look ***no further than the Complaint*** to determine whether Plaintiff has alleged the requisite elements of a Section 10(b) claim, including falsity, scienter, and loss causation. ***Second***, *Tellabs* requires the Court to make a ***comparative assessment of the plausible inferences*** on scienter at this phase; not defer the exercise to summary judgment. ***Third***, Defendants' ***unopposed request*** for judicial notice and consideration under the incorporation by reference doctrine was proper, and documents subject to the request confirm the fatal flaws evident on the face of the Complaint. Under the framework of the PSLRA, the Court must either filter out this action now or make a specific finding that Plaintiff has pled sufficient facts to proceed under the heightened pleading standards.

## II.   ARGUMENT

### A.   Legal Standard

Interlocutory orders and rulings may be modified by a district court judge at any time prior to final judgment. *See, e.g.*, *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000) ("A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law."); *see also Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). The Central District of California expressly permits reconsideration upon a "manifest showing of a failure to consider material facts presented to the court before such decision." L.R. 7-18(c). The Central District also recognizes that "[s]ome courts considering such requests have also applied standards typically used for reconsideration motions made under Federal Rules of Civil Procedure 59(e) or 60(b)." *In re Hewlett-Packard Co. Sec. Litig.*, 2013 WL 3582761, at *1 (C.D. Cal. June 17, 2013) (citing cases). "These reconsideration standards include the following from the Ninth Circuit: '[r]econsideration is appropriate

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

if the district court . . . committed clear error or the initial decision was manifestly unjust[.]'" *Id.* (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993)).

The PSLRA "requires plaintiffs to state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, *i.e.*, the defendant's intention 'to deceive, manipulate, or defraud.'" *Tellabs*, 551 U.S. at 313 (citation omitted). By heightening the pleading standards, Congress recognized that a complaint for securities fraud "is easy to craft and can be filed with little or no due diligence" and that "meritless claims are given too long of a ride, all the while imposing costs on innocent defendants." Senate Rep. No. 104-98 at 8, 35 (1995); *see also* H.R. Rep. No. 104-369 at 31 (1995) (abuses include "the routine filing of lawsuits . . . without regard to any underlying culpability . . . and with only faint hope that the discovery process might lead eventually to some plausible cause of action"). Both the Ninth Circuit and Supreme Court have recognized that private securities fraud actions "can extort a great deal of undeserved settlement money if the courts do not filter out the unfounded ones early enough to avoid huge litigation expenses." *Ronconi v. Larkin*, 253 F.3d 423, 428 (9th Cir. 2001); *accord Tellabs*, 551 U.S. at 313 (potential to "be employed abusively to impose substantial costs").

### B.   The Court Need Look No Further than the Complaint.

Plaintiff has the burden to plead particularized facts that meet the heightened standards of the PSLRA. The Court need not look beyond the four corners of the Complaint to determine that Plaintiff has failed to plead particularized facts supporting its theory of fraud.

### 1.   Challenged Statements

In ruling on Defendants' Motion to Dismiss, the Court was required to determine if Plaintiff alleged *with particularity* facts that made the challenged statements false or misleading when made. In the Opposition Brief, Plaintiff abandoned two challenged

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

statements from the conference call transcripts.  (Dkt. 80, Opp. at 8:8-19.)  This leaves the Court with only the following statements to analyze:

>  ***August 2 and November 8, 2018***: "We have also established a long-term alliance with Bungie to publish its game universe, Destiny."  (Dkt. 76, Complaint ¶¶ 45, 48.)

>  ***August 2 and November 8, 2018***: Describing *Destiny* as one of Activision Publishing's "key product franchises."  (*Id.* ¶¶ 45, 48.)

The issue for the Court is whether Plaintiff alleged sufficient facts to support its assertion that the above statements were rendered actionable by Defendants' alleged failure to inform investors sooner that Activision Publishing's relationship with Bungie would end in 2019.  (Dkt. 78-1, MTD at 9:3-18:20; Dkt. 82, Reply at 3:17-12:24.)  From the challenged statements alone, the Court can determine that the challenged statements are not false, but are ***unequivocally true statements of historical fact***.[2]  The Court can similarly determine that the statements—on their own or in the context in which they were made—are silent about Activision Publishing's future relationship with Bungie. From the Complaint, the Court can also determine that Plaintiff has not pled any particularized facts sufficient to establish—even minimally—that either Bungie or Activision Publishing had decided to terminate the Licensing Agreement at the time the at-issue statements were made.  Indeed, this Court has performed this same type of analysis based on the sufficiency of allegations in a complaint before.  *See, e.g.*, *Korzen v. Tetra Tech Inc.*, 2014 WL 12603209, at \*2 (C.D. Cal. Jan. 17, 2014) (Wilson, J.) (granting motion to dismiss under "the 'exacting pleading requirements' of the PSLRA" in part because, while plaintiff alleged defendant failed to disclose client was canceling contracts before 2013, there were "no factual allegations ***in the complaint*** supporting the contention that Cameco began cancelling contracts with Tetra/Wardrop" before that time period) (emphasis added).

---

[2] Plaintiff also concedes as much in the Opposition brief.  (Dkt. 80, Opp. at 14:13-15.)

Cooley LLP
Attorneys At Law
San Diego

4.

DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

## 2.     Allegations of Scienter

In ruling on scienter, the Court must determine whether the facts alleged in the Complaint raise a "strong inference" that Defendants acted with the intent to deceive or with deliberate recklessness. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).  From the face of the Complaint, the Court can note that Plaintiff has not followed any of the traditional methods of demonstrating scienter (*e.g.*, "confidential witnesses" or citing specific documents, reports, or communications).  The Court can also, from the face of the Complaint, evaluate Plaintiff's reliance on circumstantial evidence of scienter: (i) the alleged terms of the Licensing Agreement;  (ii) the core operations inference; and (iii) Defendants' purported motives.  The Complaint provides all the Court needs to determine that Plaintiff has not raised a strong inference of scienter.

The Licensing Agreement is attached to the Complaint as Exhibit 1, and thus incorporated therein. (Dkt. 76-1, Complaint Ex. 1.)  The Court has what it needs in the pleadings to evaluate Defendants' position that Plaintiff's reliance on the Licensing Agreement is insufficient to plead scienter on the part of Defendants.  (Dkt. 78-1, MTD at 20:10-21:12; Dkt. 82, Reply at 13:10-28.)  The Court can determine that there are no well-pled facts showing *if or when* anyone at Bungie or anyone at Activision Publishing invoked the dispute resolution provision in the Licensing Agreement.  The Complaint is silent on all of those issues necessary for this Court to draw a *strong inference of scienter* from the fact of a dispute resolution provision.

The narrow core operations theory provides that "[a]llegations regarding management's role in a corporate structure and the importance of the corporate information about which management made false or misleading statements may also create a strong inference of scienter *when made in conjunction with* detailed and specific allegations about management's exposure to factual information within the company." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1227 (9th Cir. 2017) (emphasis added); *see also, e.g., Facebook*, 2017 WL 5635021, at *3 (recognizing "[p]roof under this

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

DEFENDANTS' MEM. P&A  I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

theory is not easy"). The face of the Complaint is all the Court needs to determine Plaintiff has not made the requisite "detailed and specific allegations about management's exposure" to support a core operations inference of scienter. (Dkt. 78-1, MTD at 20:10-21:12; Dkt. 82, Reply at 14:1-15:8.)

Finally, the Court can examine Plaintiff's generic motive allegations in the Complaint to determine that the allegations are insufficient as a matter of law. (Dkt. 78-1, MTD at 21:13-22:17; Dkt. 82, Reply at 15:9-20.) *See, e.g., Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002) ("If scienter could be pleaded merely by alleging that officers and directors possess motive and opportunity to enhance a company's business prospects, virtually every company in the United States that experiences a downturn in stock price could be forced to defend securities fraud actions.") (internal quotation marks and citation omitted).

### 3.    Loss Causation

The Court must also examine the Complaint's allegations to determine if Plaintiff has adequately alleged loss causation, or if Defendants are correct that Plaintiff has pled facts that fatally undercut any theory of loss causation. *Dura Pharm. Inc v. Broudo*, 544 U.S. 336, 346-47 (2005) ("[A]llowing a plaintiff to forgo giving any indication of the economic loss and proximate cause that the plaintiff has in mind would bring about harm of the very sort the statutes seek to avoid."). Specifically, the Court has all that it needs on the face of the Complaint (Dkt. 76, ¶¶ 42-43) to determine that the Complaint establishes the stock drop was not due to any "corrective" disclosure, but was the result of an amalgamation of unrelated business challenges occurring over multiple months. (Dkt. 78-1, MTD at 24:5-25:6; Dkt. 82, Reply at 16:11-17:3.)

### C.    The Court Must Consider All Reasonable Inferences When Assessing Scienter.

Under *Tellabs*, the Supreme Court requires this Court to consider all reasonable inferences when assessing scienter. *Tellabs*, 551 U.S. at 324 (allegations of particularized facts must be "cogent" and "at least as compelling as any opposing

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

inference" of non-fraudulent intent). In reviewing the Complaint under this standard, the Court "must consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002), *accord Tellabs*, 551 U.S. at 323 (to determine "whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences"). To be clear, drawing inferences from the alleged facts as required under *Tellabs* does not equal "impermissibly look[ing] beyond the pleadings to resolve the legal and factual disputes presented." (Dkt. 84, Order.)

Indeed, this Court recently undertook this exact exercise in *Anshen v. Facebook.* There, the Court determined the complaint contained "no specific allegations against Defendants Sandberg and Wehner" beyond their signatures on form 10-Ks, and that the "only allegations specific to Zuckerberg are that he was 'heavily involved in the development of video ads,' and that he wanted Facebook to be more 'video centric.'" *Facebook*, 2017 WL 5635021, at *2. The Court held this was "insufficient to raise an inference of scienter." *Id.* at *3.[3] The Court also held plaintiffs inadequately pled the "core operations" theory, recognizing that "[p]roof under this theory is not easy." *Id.* The Court reasoned:

> Plaintiffs obviously have no admissions by any Facebook executives. CW1's statement fails to demonstrate that any of the defendants had "actual involvement" in the mistaken video metric calculation. All CW1 alleges is his "belief" that high level executives would have been involved in growing this aspect of Facebook's business. Even if the individual defendants were very involved in this process, general allegations of defendants' "hands-on" management style, their interaction with other officers and employees, their attendance at meetings, and their receipt of unspecified weekly or monthly reports are insufficient to create a strong inference of scienter.

*Id.* (internal quotations omitted).

Like *Facebook*, the Court must consider Plaintiff's allegations in the Complaint

---

[3] *Facebook* even involved a confidential witness, which is not present here.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

and compare the inferences. Indeed, the Court recognized in *Facebook* that "after *Tellabs*, a holistic approach to assessing scienter is key," before the Court determined that "even stitching together Plaintiffs' various scienter theories fails to weave a legal tapestry of sufficient quality to survive this motion to dismiss." *Id.* Importantly, the Court saw in *Facebook* the danger of permitting private securities fraud plaintiffs to plead by hindsight: "Endorsing Plaintiffs' claim on these allegations would allow a securities fraud claim to proceed against any company that made a mistake relating to an important portion of its business, because the plaintiff ***could always allege, in hindsight***, that the company's talented employees ***must have known*** about the issue." *Id.* (emphasis added). The same problem exists here.

### D. Defendants Properly Asked the Court to Take Judicial Notice of and Consider Material Incorporated by Reference in the Consolidated Complaint.

Although the Complaint on its face supports the independent grounds for dismissal for failure to plead falsity, scienter, and loss causation, the Court also can and should look beyond the four corners of the Complaint if it feels such evidence is needed to make the pleading determinations required under the PSLRA. (Dkt. 79, RJN (citing cases).) Such consideration is proper under the incorporation by reference doctrine and/or judicial notice under Federal Rule of Evidence 201, without converting the Motion to Dismiss into a motion for summary judgment. (*Id.*) In ruling on a Section 10(b) motion to dismiss, "courts ***must consider*** the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, ***documents incorporated into the complaint by reference, and matters of which a court may take judicial notice***." *Tellabs,* 551 U.S. at 322 (emphasis added). The exhibits submitted by Defendants, which simply confirm what is evident from the face of the Complaint or provide additional context, were incorporated by reference into the Consolidated Complaint or were judicially noticeable under Federal Rule of Evidence 201. (*See* Dkt. 78-2, Blair Decl.; Dkt. 79, RJN.) For example, the quarterly filings where the challenged statements reside simply provide context

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

showing the statements were made in connection with the basic description of the business, and not in connection with any discussion of revenues or future projections. (Dkt. 78-2, Blair Decl. at Exs. E & F.)

Plaintiff agrees that the Court can consider the materials submitted by Defendants, as evidenced by its Statement of Non-Opposition. (Dkt. 81.) Specifically, Plaintiff does not oppose Defendants' request for the Court to consider Exhibits E, F, G, I, J, K, and L under the incorporation by reference doctrine. (*Id.* at 1:4-6.) Additionally, Plaintiff does not oppose Defendants' request for the Court to take judicial notice of Exhibits A, B, C, D, and H, which are excerpts from Activision Blizzard's 2014 – 2018 SEC filings. (*Id.* at 1:7-9.)[4]

## III. CONCLUSION

Defendants do not ask for reconsideration lightly, but it is warranted in this case. Congress has imposed rigorous pleading requirements for private securities fraud actions because such lawsuits "can extort a great deal of undeserved settlement money if the courts do not filter out the unfounded ones early enough to avoid huge litigation expenses." *Ronconi*, 253 F.3d at 428. Allowing Plaintiff to satisfy these heightened requirements by failing to plead the necessary facts would be manifestly unfair. The Defendants respectfully request that the Court reconsider its Order and, ultimately, dismiss the Complaint in its entirety.

---

[4] Judicial notice is sufficient for the purpose for which Activision Blizzard's 2014 – 2018 SEC filings at Exhibits A, B, C, D, and H would be considered.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

Dated:       September 25, 2019        COOLEY LLP


/s/ Koji F. Fukumura
Koji F. Fukumura (189719)

Attorneys for Defendants
ACTIVISION BLIZZARD, INC.,
ROBERT A. KOTICK, AND
COLLISTER JOHNSON

Dated:       September 25, 2019        IRELL & MANELLA LLP


/s/ Craig Varnen
Craig Varnen (170263)

Attorneys for Defendant
SPENCER NEUMANN

## **ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Koji F. Fukumura, attest on behalf of all other signatories that concurrence in the content of this filing and authorization to make this filing have been obtained from each of the other signatories.


Dated:       September 25, 2019        /s/ Koji F. Fukumura
Koji F. Fukumura

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

DEFENDANTS' MEM. P&A I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

211236171

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.