COOLEY LLP
KOJI F. FUKUMURA (189719)(kfukumura@cooley.com)
RYAN E. BLAIR (246724) (rblair@cooley.com)
ERIN C. TRENDA (277155) (etrenda@cooley.com)
HEATHER M. SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

*Attorneys for Defendants Activision Blizzard, Inc.,
Robert A. Kotick, and Collister Johnson*

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, SPENCER NEUMANN AND COLLISTER JOHNSON,<br><br>Defendants. | Case No.  2:19-CV-03788-SVW-AFM<br><br>**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Judge:    Hon. Stephen V. Wilson |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Defendant Activision Blizzard, Inc. ("Activision Blizzard") and individual defendants Robert A. Kotick, Collister Johnson, and Spencer Neumann ("Individual Defendants" and collectively with Activision Blizzard, "Defendants"), by and through their counsel, hereby answer Lead Plaintiff United Association Local Union 393 Defined Benefit Pension Plan and Defined Contribution Plans ("Plaintiff") Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint").

## ANSWER

1.     In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to allege claims arising under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5). Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 1.

2.     In response to paragraph 2 of the Complaint, Defendants admit that this Court has jurisdiction over the subject matter of this action. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 2.

3.     In response to paragraph 3 of the Complaint, Defendants admit that venue is proper in this District. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 3.

4.     Paragraph 4 of the Complaint is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

5.     In response to the first sentence of paragraph 5 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a securities class action on behalf of purchasers and acquirers of Activision Blizzard[1] common stock between

---

[1] The Complaint refers interchangeably to Activision Blizzard, Inc. and Activision Publishing, Inc. as "Activision." The Answer provides separate defined terms for each entity.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO
1.
DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

August 2, 2018 and January 10, 2019[2], and that Plaintiff alleged this date range to be the "Class Period." Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23. In response to the second sentence of paragraph 5 of the Complaint, Defendants deny each and every allegation therein. To the extent that the third sentence of paragraph 5 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in the third sentence of paragraph 5 differ in any way from the contents of the document, Defendants deny every such allegation. In response to footnote 1 of the Complaint, Defendants admit that the Software Publishing and Development Agreement entered into on April 16, 2010 between Activision Publishing, Inc. ("Activision") and Bungie LLC ("Bungie") (the "Licensing Agreement) is attached as Exhibit 1 to the Complaint. In response to the fourth sentence of paragraph 5 of the Complaint, Defendants deny each and every allegation therein. In response to the fifth sentence of paragraph 5 of the Complaint, Defendants admit that Activision Blizzard publicly disclosed on January 10, 2019, the termination of the Licensing Agreement. To the extent the remainder of the fifth sentence of paragraph 5 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent the allegations in paragraph 5 differ in any way from the contents of the document, Defendants deny every such allegation. In response to the sixth sentence of paragraph 5 of the Complaint, Defendants admit that the per share price of Activision Blizzard's common stock was $51.35 on January 10, 2019 and $46.54 on January 11, 2019. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 5.

6. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis, deny

---

[2] The Complaint defines the Class Period as August 2, 2018 through January 10, 2018; however, Defendants assume that Plaintiff intended to state a Class Period of August 2, 2018 through January 10, 2019.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

them.  Defendants further deny that Lead Plaintiff was damaged by its alleged purchase of Activision Blizzard common stock.

7.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis, deny each and every allegation therein.

8.     In response to the first sentence of paragraph 8 of the Complaint, Defendants admit that Activision Blizzard is incorporated in Delaware.  To the extent that the remainder of the first sentence of paragraph 8 purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in the first sentence of paragraph 8 differ in any way from the contents of the document, Defendants deny every such allegation.  In response to the second sentence of paragraph 8 of the Complaint, Defendants admit the allegations.  In response to the third sentence of paragraph 8 of the Complaint, Defendants admit that Activision Blizzard's common stock trades on the Nasdaq National Market under the symbol "ATVI," but lack knowledge or sufficient information to form a belief as to the truth of the allegations regarding the efficiency of that market, and on that basis, deny that allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 8.

9.     In response to paragraph 9 of the Complaint, Defendants admit that Mr. Kotick served as Activision Blizzard's Chairman and Chief Executive Officer from February 1991 until July 2008, when he became Activision Blizzard's President and Chief Executive Officer.  Defendants further admit that Mr. Kotick served as Activision Blizzard's President from July 2008 until June 2017.  To the extent that the remainder of paragraph 9 purports to summarize or characterize the contents of a document, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 9 differ in any way from the contents of the document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 9.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**
**2:19-CV-03788-SVW-AFM**

**10.** To the extent paragraph 10 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 10 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 10.

**11.** Paragraph 11 of the Complaint is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

**12.** In response to paragraph 12 of the Complaint, Defendants admit that Mr. Johnson served as President and Chief Operating Officer of Activision Blizzard since June 2017, served as Executive Vice President of Finance and Operations for Activision from August 2012 through March 2016, served as Senior Vice President and Chief Operating Officer of Worldwide Studios from April 2010 through August 2012, served as Senior Vice President and Chief of Staff to Activision Blizzard's Chief Executive Officer from June 2009 through March 2010, and served as Vice President of Special Projects of Activision Blizzard from October 2008 through May 2009. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 12.

**13.** Paragraph 13 of the Complaint is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

**14.** In response to the first sentence of paragraph 14 of the Complaint, Defendants admit that Mr. Neumann served as Activision Blizzard's Chief Financial Officer from May 2017 until December 31, 2018. In response to the second sentence of paragraph 14 of the Complaint, Defendants admit that prior to joining Activision Blizzard, Mr. Neumann served as the Chief Financial Officer and Executive Vice President of Global Guest Experience of Walt Disney Parks and Resorts. To the extent

the third sentence of paragraph 14 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in the third sentence of paragraph 14 differ in any way from the contents of the document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 14.

15.    To the extent paragraph 15 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 15 differ in any way from the contents of those documents, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 15.

16.    Paragraph 16 of the Complaint is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

17.    Paragraph 17 of the Complaint does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations; to the extent that sentence contains factual matters, Defendants deny each and every allegation therein.

18.    To the extent paragraph 18 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in paragraph 18 differ in any way from the contents of the document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 18.

19.    Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis, deny them.

20.    In response to the first sentence of paragraph 20 of the Complaint, Defendants admit that *Destiny* is a role-playing first-person shooter-type videogame. To the extent the remainder of paragraph 20 of the Complaint purports to summarize or

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in paragraph 20 differ in any way from the contents of the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 20.

21.    To the extent paragraph 21 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 21 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 21.

22.    To the extent paragraph 22 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in paragraph 22 differ in any way from the contents of the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 22.

23.    To the extent paragraph 23 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in paragraph 23 differ in any way from the contents of the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 23.

24.    To the extent paragraph 24 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in paragraph 24 differ in any way from the contents of the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 24.

25.    To the extent paragraph 25 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in paragraph 25 differ in any way from the contents of

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 25.

26. To the extent paragraph 26 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in paragraph 26 differ in any way from the contents of the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 26.

27. In response to paragraph 27 of the Complaint, Defendants admit that the Licensing Agreement became public in 2012. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 27.

28. In response to the first sentence of paragraph 28 of the Complaint, Defendants admit that the first installment of the *Destiny* franchise was released on September 9, 2014. To the extent the remainder of paragraph 28 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 28 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 28.

29. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 29 regarding Bungie's views and priorities, and on that basis, deny them. As to the remainder of paragraph 29, Defendants deny each and every allegation therein.

30. To the extent the first sentence of paragraph 30 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in the first sentence of paragraph 30 differ in any way from the contents of the document, Defendants deny every such allegation. In response to the second sentence of paragraph 30 of the Complaint, Defendants admit that the first expansion for *Destiny 1* was released in September 2015,

but otherwise deny. To the extent the remainder of paragraph 30 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 30 differ in any way from the contents of those documents, Defendants deny every such allegation. Additionally, Defendants lack knowledge or sufficient information to form a belief as to the truth of the information contained in the document or documents, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 30.

31. To the extent paragraph 31 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 31 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 31.

32. To the extent paragraph 32 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 32 differ in any way from the contents of those documents, Defendants deny every such allegation. Additionally, Defendants lack knowledge or sufficient information to form a belief as to the truth of the information contained in the document or documents, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 32.

33. In response to the first, second, and fifth sentences of paragraph 33 of the Complaint, Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them. In response to the third sentence of paragraph 33 of the Complaint, Defendants deny each and every allegation therein. To the extent the remainder of paragraph 33 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

the Court to those documents. To the extent that the allegations in the remainder of paragraph 33 differ in any way from the contents of those documents, Defendants deny every such allegation. Additionally, Defendants lack knowledge or sufficient information to form a belief as to the truth of the information contained in the document or documents, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 33.

**34.** In response to the first sentence of paragraph 34 of the Complaint, Defendants admit that *Destiny 2* was released on or about September 6, 2017, but otherwise deny. To the extent the remainder of paragraph 34 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in the remainder of paragraph 34 differ in any way from the contents of the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 34.

**35.** Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the first sentence of paragraph 35 regarding Bungie's views, and on that basis, deny them. As to the remainder of the allegations in the first sentence of paragraph 35, Defendants deny each and every allegation. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 35 regarding Bungie's understanding of the gaming industry, and on that basis, deny them. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the third sentence of paragraph 35 regarding whether trends were advantageous for Bungie, and on that basis, deny them. To the extent the allegations in the third sentence of paragraph 35 purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in the third sentence of paragraph 35 differ in any way from the contents of the document, Defendants deny every such allegation. Defendants lack knowledge or sufficient information to form a belief as to

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

**DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM**

the truth of the allegations in the fourth sentence of paragraph 35 regarding Bungie's views, and on that basis, deny them. In further response to the fourth sentence of paragraph 35, Defendants admit that *Destiny 1* was released in September 2014, *Destiny 2* was released in September 2017, and *Destiny 2: Forsaken* was released in September 2018. As to the remainder of the allegations in the fourth sentence of paragraph 35, Defendants deny each and every allegation. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the fifth sentence of paragraph 35 regarding *Destiny* players' perceptions, and on that basis, deny them. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the sixth sentence of paragraph 35 regarding Bungie's perceptions, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 35.

36. In response to the first two sentences of paragraph 36 of the Complaint, Defendants admit that developers from two of Activision Blizzard's subsidiaries—High Moon Studios and Vicarious Visions—worked on the development of *Destiny* at various times, but otherwise deny. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the third and fourth sentence of paragraph 36, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 36.

37. To the extent paragraph 37 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 37 differ in any way from the contents of those documents, Defendants deny every such allegation. Additionally, Defendants lack knowledge or sufficient information to form a belief as to the truth of the information contained in the document or documents, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 37.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT 2:19-CV-03788-SVW-AFM**

**38.**     In response to the first sentence of paragraph 38 of the Complaint, Defendants deny each and every allegation therein.  To the extent the second sentence of paragraph 38 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document.  To the extent that the allegations in the second sentence of paragraph 38 differ in any way from the contents of the document, Defendants deny every such allegation.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the third sentence of paragraph 38 regarding Bungie's intentions, and on that basis, deny them.  As to the remainder of the third sentence of paragraph 38, Defendants deny each and every allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 38.

**39.**     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the first sentence of paragraph 39 regarding Bungie's views, and on that basis, deny them.  In response to the second sentence of paragraph 39 of the Complaint, Defendants admit that Activision Blizzard held its 3Q18 earnings call on November 8, 2018.  To the extent the remainder of paragraph 39 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents.  To the extent that the allegations in the remainder of paragraph 39 differ in any way from the contents of those documents, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 39.

**40.**     In response to paragraph 40 of the Complaint, Defendants admit that on January 10, 2019, Activision Blizzard publicly disclosed that Activision and Bungie had agreed to terminate the Licensing Agreement effective December 31, 2018.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 40.

**41.**     In response to paragraph 41 of the Complaint, Defendants deny each and every allegation therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

**42.**    In response to the first sentence of paragraph 42 of the Complaint, Defendants admit that effective November 15, 2018, Mike Morhaime resigned from his position as CEO and President of Blizzard Entertainment ("Blizzard"); effective January 17, 2019, Amrita Ahuja resigned from her position as CFO of Blizzard; and on December 31, 2018, Mr. Neumann was terminated from his position as CFO of Activision Blizzard.  In further response to the first sentence of paragraph 42 of the Complaint, Defendants admit that Activision Blizzard did not release a new installment in the *Diablo* franchise.  To the extent the remainder of the first sentence of paragraph 42 purports to summarize or characterize the contents of a document, Defendants refer the Court to that document.  To the extent that the allegations in the first sentence of paragraph 42 differ in any way from the contents of the document, Defendants deny every such allegation.  To the extent the second sentence of paragraph 42 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document.  To the extent that the allegations in the second sentence of paragraph 42 differ in any way from the contents of the document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 42.

**43.**    In response to the first sentence of paragraph 43 of the Complaint, Defendants admit that between July 1, 2018 and December 31, 2018, the adjusted per share closing price of Activision Blizzard's common stock reached a high in excess of $80.00 per share and a low of under $47.00 per share.  In response to the second sentence of paragraph 43 of the Complaint, Defendants deny each and every allegation therein.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 43.

**44.**    In response to the first and second sentences of paragraph 44 of the Complaint, Defendants admit that on August 2, 2018, Activision Blizzard held a conference call with analysts and investors to discuss the Company's 2Q18 operational and financial results, and that Messrs. Johnson, Kotick and Neumann participated in the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

**DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM**

conference call.  To the extent the remainder of paragraph 44 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document.  To the extent that the allegations in the remainder of paragraph 44 differ in any way from the contents of the document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 44.

**45.**  In response to the first sentence of paragraph 45 of the Complaint, Defendants admit that on August 2, 2018, Activision Blizzard filed its 2Q18 Form 10-Q with the SEC.  To the extent the remainder of paragraph 45 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document.  To the extent that the allegations in the remainder of paragraph 45 differ in any way from the contents of the document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 45.

**46.**  In response to the first and second sentences of paragraph 46 of the Complaint, Defendants admit that on November 8, 2018, Activision Blizzard held a conference call with analysts and investors to discuss the Company's 3Q18 operational and financial results, and that Messrs. Johnson, Kotick and Neumann participated in the conference call.  To the extent the remainder of paragraph 46 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document.  To the extent that the allegations in the remainder of paragraph 46 differ in any way from the contents of the document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 46.

**47.**  In response to the first sentence of paragraph 47 of the Complaint, Defendants deny each and every allegation therein.  To the extent the remainder of paragraph 47 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document.  To the extent that the

allegations in the remainder of paragraph 47 differ in any way from the contents of the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 47.

48.    In response to the first sentence of paragraph 48 of the Complaint, Defendants admit that on November 8, 2018, Activision Blizzard filed its 3Q18 Form 10-Q with the SEC. To the extent the remainder of paragraph 48 of the Complaint purports to summarize or characterize the contents of a document, Defendants refer the Court to that document. To the extent that the allegations in the remainder of paragraph 48 differ in any way from the contents of the document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 48.

49.    In response to paragraph 49 of the Complaint, Defendants admit that highest per share adjusted closing price of Activision Blizzard's common stock between August 2, 2018 and January 10, 2019, was $82.73. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 49.

50.    In response to paragraph 50 of the Complaint, Defendants deny each and every allegation therein.

51.    To the extent paragraph 51 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 51 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 51.

52.    To the extent paragraph 52 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 52 differ in any way from the contents of those documents, Defendants deny every such allegation. Additionally, Defendants lack knowledge or sufficient information to form a belief as

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

to the truth of the information contained in the document or documents, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 52.

53. To the extent paragraph 53 of the Complaint purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 53 differ in any way from the contents of those documents, Defendants deny every such allegation. Additionally, Defendants lack knowledge or sufficient information to form a belief as to the truth of the information contained in the document or documents, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 53.

54. In response to paragraph 54 of the Complaint, Defendants admit that the per share price of Activision Blizzard's common stock was $51.35 on January 10, 2019, and $46.54 on January 11, 2019. In further response to paragraph 54 of the Complaint, Defendants admit that on January 11, 2019, 35.4 million shares of Activision Blizzard common stock were traded. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 54.

55. In response to paragraph 55 of the Complaint, Defendants admit that Activision and Bungie reached an agreement to terminate the Licensing Agreement prior to January 10, 2019. To the extent the remainder of paragraph 55 purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 55 differ in any way from the contents of those documents, Defendants deny every such allegation. Additionally, Defendants lack knowledge or sufficient information to form a belief as to the truth of the information contained in the document or documents, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 55.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**
**2:19-CV-03788-SVW-AFM**

**56.** In response to paragraph 56 of the Complaint, Defendants deny each and every allegation therein.

**57.** In response to paragraph 57 of the Complaint, Defendants deny each and every allegation therein.

**58.** In response to the first sentence of paragraph 58 of the Complaint, Defendants deny each and every allegation therein. In response to the second sentence of paragraph 58 of the Complaint, Defendants admit that the per share price of Activision Blizzard's common stock was $51.35 on January 10, 2019, and $46.54 on January 11, 2019. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 58.

**59.** In response to paragraph 59 of the Complaint, Defendants deny each and every allegation therein.

**60.** In response to paragraph 60 of the Complaint, Defendants deny each and every allegation therein.

**61.** In response to paragraph 61 of the Complaint, Defendants admit that Activision Blizzard's common stock was listed and actively traded on the Nasdaq National Market, but lack knowledge or sufficient information to form a belief as to the truth of the allegations regarding the efficiency of that market, and on that basis, deny that allegation. To the extent the remainder of paragraph 61 of the Complaint is Plaintiff's legal argument, it does not require a response; to the extent a response is required, Defendants deny each and every allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 61.

**62.** Paragraph 62 of the Complaint is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

**63.** In response to paragraph 63 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23. Defendants deny that this action can be maintained as a class action

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

under Federal Rules of Civil Procedure Rule 23. The remainder of paragraph 63 sets forth Plaintiff's proposed class definition and does not require a response; to the extent a response is required, Defendants deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 63.

64. In response to paragraph 64 of the Complaint, Defendants admit that Activision Blizzard's common stock was listed and actively traded on the Nasdaq National Market, that between August 2, 2018 and January 10, 2019, there were more than 760 million shares of Activision Blizzard common stock outstanding, and the average daily trading volume was over 7 million shares. In further response to paragraph 64 of the Complaint, Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's knowledge and beliefs, and on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 64.

65. In response to paragraph 65 of the Complaint, Defendants deny each and every allegation therein.

66. In response to paragraph 66 of the Complaint, Defendants deny each and every allegation therein.

67. In response to paragraph 67 of the Complaint, Defendants deny each and every allegation therein.

68. In response to paragraph 68 of the Complaint, Defendants deny each and every allegation therein.

69. In response to the first sentence of paragraph 69 of the Complaint, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as fully set forth herein. In response to the second sentence of paragraph 69 of the Complaint, Defendants admit that Plaintiff purports to bring Count I pursuant to § 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 69.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

17.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

**70.**    In response to paragraph 70 of the Complaint, Defendants deny each and every allegation therein.

**71.**    In response to paragraph 71 of the Complaint, Defendants deny each and every allegation therein.

**72.**    In response to paragraph 72 of the Complaint, Defendants deny each and every allegation therein.

**73.**    In response to paragraph 73 of the Complaint, Defendants deny each and every allegation therein.

**74.**    In response to paragraph 74 of the Complaint, Defendants deny each and every allegation therein.

**75.**    In response to paragraph 75 of the Complaint, Defendants deny each and every allegation therein.

**76.**    In response to paragraph 76 of the Complaint, Defendants deny each and every allegation therein.

**77.**    In response to paragraph 77 of the Complaint, Defendants deny each and every allegation therein.

**78.**    In response to paragraph 78 of the Complaint, Defendants deny each and every allegation therein.

**79.**    In response to the first sentence of paragraph 79 of the Complaint, Defendants incorporate by reference and re-allege their answers to each and every allegation set forth above as fully set forth herein.  In response to the second sentence of paragraph 79 of the Complaint, Defendants admit that Plaintiff purports to bring Count II pursuant to §20(a) of the Exchange Act, 15 U.S.C. §78t(a).  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 79.

**80.**    The first three sentences of Paragraph 80 of the Complaint are Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.  In response to the fourth sentence of paragraph 80, Defendants admit that Messrs. Kotick, Johnson and Neumann

18.

participated in Activision Blizzard's August 2, 2018 and November 8, 2018 conference calls with investors and analysts. To the extent the remainder of the fourth sentence of paragraph 80 purports to summarize or characterize the contents of a document or documents, Defendants refer the Court to those documents. To the extent that the allegations in the remainder of the fourth sentence of paragraph 80 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 80.

81. Paragraph 81 of the Complaint is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

82. In response to paragraph 82 of the Complaint, Defendants deny each and every allegation therein.

## PRAYER FOR RELIEF

The paragraphs in this section entitled "Prayer for Relief" are Plaintiff's statements of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiff is entitled to judgment and denying that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

The paragraph in this section entitled "Jury Demand" is Plaintiff's demand for a jury trial, to which no response is required.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

19.

DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

#### (FAILURE TO STATE A CAUSE OF ACTION)

1. The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which the requested relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (JUSTIFICATION)

2. If it should be determined that Lead Plaintiff has been damaged, then Defendants are informed and believe and based thereon alleges that said damage was proximately caused by the conduct of others for which Defendants were not and are not responsible.

### THIRD AFFIRMATIVE DEFENSE

#### (ASSUMPTION OF RISK)

3. The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff was expressly advised in statements made to him, including in documents and otherwise, regarding the material facts concerning his investments. Plaintiff therefore assumed the risk of any loss and is estopped from recovering any relief.

### FOURTH AFFIRMATIVE DEFENSE

#### (AVAILABLE INFORMATION)

4. The Complaint, and each and every cause of action alleged therein, is barred because the alleged misleading statements, if any, were rebutted by contrary information (including both public or non-public information) received by or that was otherwise available to Plaintiff.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

20.

**DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM**

## FIFTH AFFIRMATIVE DEFENSE

### (CLASS ACTION)

**5.** The Complaint, and each and every cause of action alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## SIXTH AFFIRMATIVE DEFENSE

### (NO PROXIMATE CAUSE)

**6.** The Complaint, and each and every cause of action alleged therein, is barred because the alleged statements by or acts of Defendants were not the proximate cause of any loss suffered by Lead Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (ADDITIONAL AFFIRMATIVE DEFENSES)

**7.** Defendants expressly reserve the right to amend or supplement their Answer, defenses and all other pleadings, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims and/or third party claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment as follows:

**1.** That Plaintiff take nothing by its Complaint;

**2.** For costs, attorneys' fees and expert witness fees;

**3.** For judgment in favor of Defendants; and

**4.** For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

21.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**
**2:19-CV-03788-SVW-AFM**

Dated:     September 25, 2019     COOLEY LLP


/s/ Koji F. Fukumura
Koji F. Fukumura (189719)
Attorneys for Defendants
ACTIVISION BLIZZARD, INC.,
ROBERT A. KOTICK, AND
COLLISTER JOHNSON

Dated:     September 25, 2019     IRELL & MANELLA LLP


/s/ Craig Varnen
Craig Varnen (170263)
Alaina Bird (318044)

Attorneys for Defendant
SPENCER NEUMANN


## ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Koji F. Fukumura, attest on behalf of all other signatories that concurrence in the content of this filing and authorization to make this filing have been obtained from each of the other signatories.


Dated:     September 25, 2019     /s/ Koji F. Fukumura
                                  Koji F. Fukumura

**DEFENDANTS' ANSWER TO
CONSOLIDATED COMPLAINT
2:19-CV-03788-SVW-AFM**