UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., et al.,<br><br>Defendants. | Case No. 2:19-cv-03788-SVW-AFMx<br><br><u>CLASS ACTION</u><br><br>STIPULATED ORDER REGARDING THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION |

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff United Association Local Union 393 Defined Benefit Pension Plan and Defined Contribution Plan ("Lead Plaintiff"), and Defendants Activision Blizzard, Inc., Robert A. Kotick, Collister Johnson, and Spencer Neumann (collectively, "Defendants," and together with Lead Plaintiff, the "Parties"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

## I. PRESERVATION

Consistent with the Parties' obligations under Rule 26(f) of the Federal Rules of Civil Procedure, the Parties will meet and confer regarding the scope of preservation, including custodians, data sources, date ranges, and categories of information that have been or should be preserved in connection with this litigation. The Parties will disclose categories or sources of responsive information that they have reason to believe have not been preserved or should not be preserved and will explain with specificity the reasons to support such a belief.

## II. IDENTIFICATION OF RESPONSIVE DOCUMENTS

The Parties shall meet and confer in an effort to conduct discovery in a comprehensive, efficient and cost-effective manner. Specifically, the Parties will attempt in good faith to come to an agreement on the methods for identifying proportional and responsive information. The Parties will meet and confer regarding any proposed limitations on the scope of discovery, including custodians, custodial and non-custodial sources, date ranges, file types, or any additional proposed method to identify proportional documents for review (*e.g.*, search terms, technology-assisted-review, predictive coding). The Parties agree that the grounds for objections should be supported by specific information. The Parties will not seek Court intervention without first attempting to resolve any disagreements in good faith, based upon all reasonably available information and shall follow Local Civil Rule 37.2 prior to filing any motion with respect thereto.

**A. Sources**

The Parties will disclose and discuss the custodial and non-custodial data sources likely to contain proportional and responsive information. The Parties will identify and describe any relevant electronic systems and storage locations. The Parties will also disclose and describe any document retention policies or practices (*e.g.*, retention schedules or policies, auto-delete functions, routine purging, mailbox size limits), or other practices likely to impact the existence or accessibility of responsive documents or electronically stored information. The Parties will identify and describe sources likely to contain responsive information that a Party asserts should not be searched because such sources are not proportional or are not reasonably accessible and will explain the reasons for such assertions.

**B. Identification of Custodians**

The Parties shall meet and confer to identify all persons who the Parties reasonably believe are likely to contain proportional and responsive documents and other electronically stored information ("ESI") relating to the allegations and claims in the litigation. The Parties retain the right during the discovery process to request that files from additional custodial or non-custodial sources be searched and meet and confer regarding such a request.

**C. Easily Segregable Documents**

Documents or categories of documents that are easily identifiable and segregable, and do not impose an undue burden on the Party tasked with collecting and reviewing the documents, shall be collected without the use of search terms or other agreed-upon advanced search methodology (*e.g.*, analytics, predictive coding, technology-assisted-review). The Parties shall meet and confer regarding the categories of documents that will be produced with and without the use of search terms or other advanced search methodology.

4844-2829-5080.v2

### D. Search Terms and/Technology-Assisted Review

The Parties agree that, in order to accomplish an expedited production schedule, the Parties may need to utilize search terms and/or predictive coding/technology-assisted review ("TAR").

To the extent search terms are used, the Parties shall meet and confer on a list of proposed search terms, and the responding Party shall provide a search terms hit report(s) which shall include the number of documents that hit on each term, the number of unique documents that hit on each term following global de-duplication (*i.e.*, documents that hit on a particular term and no other term on the list), and the total number of documents that would be returned by using the proposed search term list, including families. If the propounding Party proposes additional search terms or modifications to the existing list of search terms, the Parties shall meet and confer regarding the proposed additional search terms or modifications within three business days of receipt of a search term hit report. If an agreement cannot be reached after meeting and conferring in good faith, the Parties will submit a joint letter-motion, not to exceed six pages, to the Court pursuant to Local Civil Rule 37.2 for a pre-motion discovery conference. If the dispute cannot be resolved as a consequence of such conference, the propounding Party may move to compel production of documents in response to the disputed search terms.

To the extent that TAR is used, the Parties shall meet and confer regarding a mutually agreeable protocol for the use of such technologies. If a dispute regarding a Party's use of TAR cannot be resolved after meeting and conferring in good faith, the Parties will submit a joint letter-motion, not to exceed six pages, to the Court pursuant to Local Civil Rule 37.2 for a pre-motion discovery conference. If the dispute cannot be resolved as a consequence of such conference, the Party opposing the use of TAR may file a motion seeking appropriate relief from the Court.

4844-2829-5080.v2

## III. PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

To the extent necessary and feasible, hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN." The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original document contains color, and the color is necessary to understand the meaning or content of the document, the - 5 - document will be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Multi-page OCR text for each document should also be provided. The OCR software shall maximize text quality. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

## IV. PRODUCTION OF ESI

### A. Format

The Parties will produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet files, presentation files, and audio and video files, which shall be produced in native format. If the receiving Party believes that an original document produced in TIFF format contains color, and that the color is necessary to understand the meaning or content of the document, the receiving Party may request that the document be reproduced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Notwithstanding the foregoing, the Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs will show any and all text and images that would be visible to the reader using the native software that created the document. For example,

TIFFs/JPGs of e-mail messages should include the BCC line where populated. If the image does not accurately reflect the document as it was kept in the usual course of business, including all comments, edits, tracking, etc., the Parties agree to meet and confer in good faith on production format options.

If a document is produced in native format, a single-page Bates stamped image slip sheet stating the document has been produced in native format should be provided, with the exception of PowerPoint presentations. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either Party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the Parties agree to meet and confer in good faith.

**B.     De-Duplication**

Each Party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also exact duplicates. The Parties agree that an e-mail that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an e-mail that does not include content in those fields, even if all remaining content in the e-mail is identical. Removal of near-duplicate documents is not acceptable; however, the Parties agree that e-mail thread suppression may be used, as reviewing non-inclusive e-mail is needlessly burdensome for the producing Party, so long as each responsive non-privileged e-mail in the thread (both inclusive and non-inclusive) is produced. De-duplication will be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL and FILEPATH-DUP field will list each custodian and file path, respectively, separated by a semicolon, who was a source of that document. Should the produced CUSTODIAN-ALL or FILEPATH-DUP metadata become outdated due to rolling productions, an overlay file providing all the custodians and

4844-2829-5080.v2

1 file paths for the affected documents will be produced prior to substantial completion
2 of the document production.

**C.     Metadata**

All ESI will be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. The metadata produced should have the correct encoding to enable preservation of the documents' original language.

For ESI other than e-mail and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant Bloomberg, iMessage, Google Chat, WhatsApp, Yammer, Slack, etc., the Parties will meet and confer as to the appropriate metadata fields to be produced.

**D.     Embedded Objects**

Embedded files in e-mail and e-docs shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. The embedded files will be marked with a "YES" in the load file under the "Is Embedded" metadata field. The Parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

**E.     Attachments**

The Parties agree that if any part of an e-mail or its attachments is responsive, the entire e-mail and attachments will be produced, except any attachments that are withheld or redacted on the basis of the attorney-client privilege, attorney work product doctrine, or other applicable privilege. If an attachment is withheld, a slip sheet will be produced in its place indicating that the document was withheld and specifying the applicable privilege. The attachments will be produced sequentially after the parent e-mail. The Parties shall produce privilege and redaction logs as required by the Scheduling Order.

4844-2829-5080.v2

### F. Compressed Files Types

Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

### G. Structured Data

To the extent a response to discovery requires production of electronic information stored in a database, the Parties will meet and confer regarding the format and methods of such a production. The Parties will consider whether relevant and proportional information may be provided by querying the database and generating a report in a reasonably usable and exportable electronic file.

### H. Proprietary or Non-Standard Data

To the extent a response to discovery requires production of electronic information stored in a propriety or non-standard source that may not be reasonably usable if produced in the formats described herein, the Parties will meet and confer regarding the format and methods of such a production.

### I. Exception Report

If any documents in a Party's production cannot be properly rendered or processed, the producing Party shall provide single page slip sheets for such files bearing the filename and error code generated by the Party's processing tool.

### J. Encryption

To maximize the security of information in transit, any media on which documents are produced shall be encrypted. In such cases, the producing Party shall transmit the encryption key or password to the receiving Party, under separate cover, contemporaneously with sending the encrypted media.

4844-2829-5080.v2

**K. Redactions**

If documents that the Parties have agreed to produce in native format or portions of metadata fields need to be redacted, the Parties will meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 1, 2019      ROBBINS GELLER RUDMAN
                                                                            & DOWD LLP

                                                                            s/ Tor Gronborg
                                                       TOR GRONBORG (179109)
                                                       SCOTT H. SAHAM (188355)
                                                       TRIG R. SMITH (237399)
                                                       MATTHEW I. ALPERT (238024)
                                                       SARA B. POLYCHRON (244685)
                                                       ALEXI H. PFEFFER-GILLETT
                                                       (313709)

                                                       Attorneys for Lead Plaintiff

DATED: October 1, 2019      COOLEY LLP

                                                       s/ Koji F. Fukumura
                                                       KOJI F. FUKUMURA (189719)
                                                       RYAN E. BLAIR (246724)
                                                       ERIN C. TRENDA (277155)
                                                       HEATHER M. SPEERS (305380)

                                                       Attorneys for Defendants
                                                       ACTIVISION BLIZZARD, INC.,
                                                       ROBERT A. KOTICK, AND
                                                       COLLISTER JOHNSON

DATED: October 1, 2019      IRELL & MANELLA LLP
                                                       LOS ANGELES

                                                       s/ Craig Varnen
                                                       CRAIG VARNEN (170263)
                                                       ALAINA BIRD (318044)

                                                       Attorneys for Defendant
                                                       SPENCER NEUMANN

IT IS SO ORDERED.

DATED: 10/1/2019

_____
ALEXANDER F. MACKINNON
UNITED STATES MAGISTRATE JUDGE

4844-2829-5080.v2

# TABLE 1: METADATA FIELDS[1]

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001(Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008 (Unique ID Parent-Child Relationships) | The Document associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD or Hard Drive. |
| SENTDATE | MM/DD/YYYY | The date the e-mail or calendar entry was sent. |
| SENTTIME | HH:MM | The time the e-mail or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry |
| MEETING START TIME | HH:MM | Start time of calendar entry |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry |
| MEETING END TIME | HH:MM | End time of calendar entry |
| FILEPATH | *i.e.* /JsmithPC/Users/Jsmith/Desktop | The file paths from the locations in which the |

---

[1] For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

| Field Name | Example / Format | Description |
|---|---|---|
| | | duplicate documents were stored in the usual course of business. This field should be populated for both e-mail and efiles and separated by semicolons. |
| FILEPATH-DUP | *i.e.* /JSmith.pst/Inbox /Network Share/Accounting/… /TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the duplicate documents were stored in the usual course of business. This field should be populated for both e-mail and efiles and separated by semicolons. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTSAVEDBY | jsmith | The name of the last person to save the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and e-mail address of the author of an e-mail/calendar item. An e-mail address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail address of the recipient(s) of an e-mail/calendar item. An e-mail address should always be provided for every e-mail if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the copyee(s) of an e-mail/calendar item. An e-mail address should always be provided for every e-mail if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the blind copyee(s) of an e-mail or calendar item. An e-mail address should always be provided for |

4844-2829-5080.v2

| Field Name | Example / Format | Description |
|---|---|---|
| | | every e-mail if a blind copyee existed. |
| SUBJECT | | The subject line of the e-mail/calendar item. |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in. NOTE: This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. |

4844-2829-5080.v2

| Field Name | Example / Format | Description |
|---|---|---|
| | | These text files should be named with their corresponding bates numbers. Note: E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided |

4844-2829-5080.v2