ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG (179109)
SCOTT H. SAHAM (188355)
TRIG R. SMITH (237399)
MATTHEW I. ALPERT (238024)
SARA B. POLYCHRON (244685)
ALEXI H. PFEFFER-GILLETT (313709)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
scotts@rgrdlaw.com
trigs@rgrdlaw.com
malpert@rgrdlaw.com
spolychron@rgrdlaw.com
agillett@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>                             Plaintiff,<br><br>        vs.<br><br>ACTIVISION BLIZZARD, INC., et al.,<br><br>                             Defendants. | Case No. 2:19-cv-03788-SVW-AFM<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>DATE:      October 28, 2019<br>TIME:       1:30 p.m.<br>JUDGE:   Hon. Stephen V. Wilson |

Cases\4848-0720-2216.v1-10/7/19

Lead Plaintiff United Association Local Union 393 Defined Benefit Pension Plan and Defined Contribution Plans ("Plaintiff"), submits this opposition to Defendants' Motion for Reconsideration (ECF No. 88-1).

## I.   INTRODUCTION

Reconsideration is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).[1]   But Defendants' motion presents nothing "extraordinary."   Rather, Defendants are grasping at straws and assume, without any basis, that this Court did not consider the materials before it when it denied Defendants' motion to dismiss.   *See* Scheduling Notice/In Chambers Order (the "Order") (ECF No. 84).

The Court should deny the motion for reconsideration for multiple reasons. First, Defendants' motion repeats almost verbatim arguments already raised in the motion to dismiss briefing.  This is a clear violation of Central District of California Local Rule 7-18, which bars repeating any arguments from the original motion "in any manner."   Second, the motion for reconsideration presents no grounds upon which reconsideration could be warranted: it does not make any "manifest showing," pursuant to Local Rule 7-18, that the Court failed to consider any material facts.  Nor does it reveal, or even allege, "clear error" or "manifest injustice" resulting from any part of the Court's straightforward and legally-supported holding.  *See* Fed. R. Civ. P. 60(b).  And third, Defendants' halfhearted argument regarding judicial notice should be rejected.  Defendants submitted, and Plaintiff did not oppose, a request for judicial notice and consideration of certain exhibits that, Defendants themselves admit, do not in any way contradict or call into question anything on the face of the Complaint. Defendants cannot show that the Court did not consider these exhibits, much less that

---

[1]   Emphasis is added and internal citations are omitted, unless otherwise noted. All "¶" and "¶¶" references refer to the Consolidated Complaint for Violations of the Federal Securities Laws, dated July 10, 2019 (ECF No. 76).

- 1 -

the Court committed "clear error" or "manifest injustice" in its analysis of the complete record before it.

Defendants' motion for reconsideration violates clear Local Rules and presents no grounds justifying reconsideration, much less grounds justifying reconsideration and dismissal. This Court correctly denied Defendants' Rule 12(b)(6) motion to dismiss and should likewise deny Defendants' baseless motion for reconsideration.

## II.    ARGUMENT

### A.    Defendants' Motion for Reconsideration Violates Local Rule 7-18

Central District of California Local Rule 7-18 states that "[n]o motion for reconsideration shall ***in any manner repeat any oral or written argument*** made in support of or in opposition to the original motion." Nevertheless, Defendants' motion barely attempts to argue why reconsideration is necessary and instead repeats the same motion to dismiss arguments already considered and properly rejected by this Court.

Defendants' Motion to Dismiss brief argued that the Complaint fails to plead (1) the false or misleading nature of Defendants' statements, (2) a strong inference of scienter, and (3) loss causation. *See* Defendants' Motion to Dismiss Consolidated Complaint ("motion to dismiss" or "MTD") (ECF No. 78-1) at 9-19, 19-24, 24-25. The Court rejected these and other arguments in the Order, finding that the Complaint raised factual disputes not appropriate for resolution on a motion to dismiss. Now, Defendants seek reconsideration making the exact same arguments regarding false or misleading statements,[2] scienter,[3] and loss causation.[4]

---

[2]    *Compare* MTD at 10 ("[T]he Company's disclosure of Activision's 'long-term alliance with Bungie' and its characterization of *Destiny* as a 'key product franchise[]' . . . were a true and accurate reflection of the Activision-Bungie relationship at the time they were made.") *with* Motion for Reconsideration at 4 ("[T]he Court can determine that the challenged statements ['long-term alliance with Bungie' and *Destiny* as a 'key product franchise'] are not false, but are unequivocally true statements of historical fact." (emphasis omitted)).

[3]    *Compare* Response in Support of Motion to Dismiss (ECF No. 82) at 13 ("Plaintiff relies solely on (i) the alleged terms of the Licensing Agreement, (ii) the core operations inference, and (iii) Defendants' purported motive. None of these pass

- 2 -

Cases\4848-0720-2216.v1-10/7/19

Defendants do cite a new case, *Anshen v. Facebook*, No. 2:17-cv-00679-SVW-AGR, 2017 WL 5635021 (C.D. Cal. Oct. 4, 2017), in support of the scienter argument. Motion for Reconsideration at 7-8. But this decision pre-dates Defendants' motion to dismiss by two years, does not represent "a material difference in . . . law from that presented to the Court," and cannot warrant reconsideration. *See* L.R. 7-18. Defendants' citation to *Facebook* is merely a vehicle to rehash the same arguments raised in the MTD regarding the sufficiency of the scienter allegations.[5]

Because the motion for reconsideration "in any manner repeat[s]" written arguments made in support of the original motion to dismiss, it violates the clear mandate of Local Rule 7-18. *See Kolay Flooring Int'l, LLC v. Milliken & Co.*, No. 2:18-cv-00640-SVW-KS, 2019 WL 3059299, at *1 (C.D. Cal. May 10, 2019) (Wilson, J.) (finding "no ground on which a motion for reconsideration pursuant to

---

muster under the PSLRA and Supreme Court precedent.") *with* Motion for Reconsideration at 5 ("The Court can also, from the face of the Complaint, evaluate Plaintiff's reliance on circumstantial evidence of scienter: (i) the alleged terms of the Licensing Agreement; (ii) the core operations inference; and (iii) Defendants' purported motives. The Complaint provides all the Court needs to determine that Plaintiff has not raised a strong inference of scienter.").

[4]     *Compare* MTD at 24 ("Plaintiff's own allegations highlight that the Company's stock price was already declining throughout the Class Period for a host of ordinary business challenges, all of which were wholly unrelated to the *Destiny* franchise and Activision's relationship with Bungie." (emphasis omitted)) *with* Motion for Reconsideration at 6 ("[T]he Court has all that it needs on the face of the Complaint . . . to determine that the Complaint establishes the stock drop was not due to any 'corrective' disclosure, but was the result of an amalgamation of unrelated business challenges occurring over multiple months.").

[5]     *Facebook* is also readily distinguishable. There, this Court found allegations of scienter lacking because they were based **only** on signatures on Form 10-Ks and the CEO's purported involvement in the technology at issue, and plaintiffs failed to demonstrate any "actual involvement" in the alleged fraud. 2017 WL 5635021, at *2-*3. Here, by contrast, the Complaint identifies a **specific document**, the 2010 Licensing Agreement between Activision and Bungie, that **required** "that any disputed issue requiring the mutual approval of the parties . . . to be 'elevated to senior-level executives to try to resolve the disagreement.'" ¶24; *see generally* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 80) at 17-22 (explaining scienter allegations and distinguishing cases cited by Defendants, including *Curry v. Yelp Inc.*, 875 F.3d 1219, 1227 (9th Cir. 2017), which Defendants once again cite for the same proposition in the Motion for Reconsideration at 5-6).

- 3 -

L.R. 7-18 is appropriate" where the argument "at the heart" of motion for reconsideration was raised in previous motion); *Leon v. Saldana*, No. 5:12-cv-510-SVW-SPx, 2012 WL 12957446, at *2 (C.D. Cal. Oct. 11, 2012) (Wilson, J.) ("[T]he Court was already aware of [customer complaint issues] when it issued its Order. . . . [The moving party] does not allege that the Court failed to consider these facts, but ***instead repeats the arguments*** in his opposition papers.  Accordingly, this argument fails.").  Defendants' violation of Local Rule 7-18 is reason alone to deny the motion for reconsideration.[6]

### B.  The Motion for Reconsideration Should Also Be Denied Because It Fails to Satisfy Any of the Available Grounds for Relief

Even if the motion for reconsideration were not in clear violation of Local Rule 7-18's prohibition on repeating arguments, the motion should still be denied because it does not present any grounds for relief available under the Local Rules and the Federal Rules of Civil Procedure.  Defendants argue that reconsideration is warranted based on Local Rule 7-18's provision for reconsideration upon "a manifest showing of a failure to consider material facts presented to the Court before such decision."  Motion for Reconsideration at 2.  Defendants also note that standards set out in Federal Rules of Civil Procedure 59(e) and 60(b) can be applied to reconsideration motions.  *Id.*; *see Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) ("A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) . . . or Rule 60(b) . . . .  Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust . . . .").  Importantly, however, application of the Federal Rules

---

[6] Defendants do not even confront their additional alleged false or misleading statements. *See* ¶¶44, 46.  And Plaintiff rejects Defendants' contention that Plaintiff has somehow waived allegations as to those statements by not explicitly mentioning every alleged false or misleading statement in the Opposition to the Motion to Dismiss' recitation of facts.  *See* Motion for Reconsideration at 4.  The Court has made no such holding in its Order, and no case law supports Defendants' "waiver" theory.

- 4 -

"does not provide additional grounds for reconsideration, beyond the grounds permitted in Local Rule 7-18, such as an added 'clear error' ground that is not permitted by Local Rule 7-18, but merely sets a 'cap' on when a motion for reconsideration may be granted." *Ketab Corp. v. Mesriani Law Grp.*, No. 2:14-cv-07241-RSWL (MRW), 2015 WL 2084469, at \*2 n.3 (C.D. Cal. May 5, 2015).

Here, Defendants have not made ***any*** showing that the court failed to consider material facts, much less a "manifest showing" that would evidence "clear error" or be "manifestly unjust." *See Mercuri v. Occidental Tower Apartments*, No. 2:18-cv-09612-SVW-SS, 2019 WL 4316248, at \*1 (C.D. Cal. July 18, 2019) (Wilson, J.) (rejecting motion for reconsideration on grounds that it "does not satisfy any of the three grounds for reconsideration in this District"). For example, Defendants argue that "the Court was required to determine if Plaintiff alleged with particularity facts that made the challenged statements false or misleading when made." Motion for Reconsideration at 3 (emphasis omitted).[7] Defendants do not even attempt to show that the Court ***did not*** make such a determination, particularly in light of the Order's clear, overarching holding that the parties' arguments cannot be resolved on a motion to dismiss order.

Because Defendants cannot show any failure by the Court to consider material facts, Defendants instead simply point out facts that it wanted the Court to weigh differently (in Defendants' favor). This does not warrant reconsideration. *See Lindberg v. Kazak-Mars, Inc.*, No. 2:13-cv-04808-SVW-AGRx, 2014 WL 12617377, at \*2 (C.D. Cal. Aug. 8, 2014) (Wilson, J.) (denying reconsideration, where moving party's "argument for reconsideration seems to suggest that the Court did not give

---

[7] Defendants use the same tactic regarding scienter and loss causation. *See* Motion for Reconsideration at 5 ("[T]he Court must determine whether the facts alleged in the Complaint raise a 'strong inference' that Defendants acted with the intent to deceive or with deliberate recklessness.); Motion for Reconsideration at 6 ("The Court must also examine the Complaint's allegations to determine if Plaintiff has adequately alleged loss causation, or if Defendants are correct that Plaintiff has pled facts that fatally undercut any theory of loss causation.").

[facts] sufficient *weight*" (emphasis in original)).  For example, Defendants dispute the allegation that they misled the market by representing that Activision had "established a long-term alliance with Bungie" when the parties were secretly negotiating the dissolution of that alliance.  Motion for Reconsideration at 4 (citing ¶¶45, 48).  Just as they argued in their motion to dismiss, Defendants claim that this statement was "unequivocally true" and therefore non-actionable.  *Compare* MTD at 10 *with* Motion for Reconsideration at 4.  But Defendants do not even attempt to argue, much less make a "manifest showing," that the Court failed to consider any relevant briefing or material facts in determining that this and other issues could not be resolved on a motion to dismiss.  And far from being "clear[ly] erro[neous]" or "manifestly unjust," *see ACandS, Inc.*, 5 F.3d at 1262-63, the Court's decision is amply supported by Ninth Circuit case law.  *See, e.g.*, *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 886 (9th Cir. 2008) ("'Some statements, *although literally accurate*, can become, through their context and manner of presentation, devices which mislead investors.'"); *see also Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 706 (9th Cir. 2016) ("'[O]nce defendants cho[o]se to tout' positive information to the market 'they [are] bound to do so in a manner that wouldn't mislead investors,' including disclosing adverse information that cuts against the positive information.").

Reconsideration is justifiable only in "highly unusual circumstances." *Lindberg*, 2014 WL 12617377, at *1.  Defendants are not entitled to reconsideration simply because the Court was not persuaded by their motion to dismiss arguments.

### C.   Defendants' Request for Judicial Notice and Consideration of Redundant or Tangentially-Related Documents Is Not Grounds for Reconsideration

Plaintiff agrees with Defendants that their exhibits submitted with the motion to dismiss "simply confirm what is evident from the face of the Complaint or provide additional context."  Motion for Reconsideration at 8.  It is for precisely this reason that Defendants are not entitled to reconsideration.

- 6 -

As the Court held, what is evident from the face of the Complaint is a factual dispute regarding whether Defendants knowingly misled the market and thereby caused Plaintiff's losses. Defendants' exhibits do nothing but support the allegations in the Complaint. A number of exhibits, for example, merely confirm that the Defendants made the alleged false or misleading statements. *See* Declaration of Ryan E. Blair in Support of Defendants' Motion to Dismiss the Consolidated Complaint ("Blair Decl.") (ECF. No. 78-2), Exs. E, F, I, J. Others confirm non-controversial facts such as the timing of game releases in the *Destiny* franchise. *See, e.g.*, Blair Decl., Exs. A, B, C, D, H; *see also* MTD at 5 (relying on exhibits for undisputed facts).[8]

Defendants cannot show that the Court failed to consider any of these documents or why the assumption that the Court ignored the documents supports reconsideration when the documents *supported* the Court's ultimate conclusions. At most, Defendants' argument "suggest[s] that the Court did not give [the exhibits] sufficient *weight*," which is not adequate grounds for reconsideration. *See Lindberg*, 2014 WL 12617377, at *2.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion for reconsideration.

DATED:  October 7, 2019

ROBBINS GELLER RUDMAN & DOWD LLP

s/ TRIG R. SMITH
TRIG R. SMITH

---

[8]   The additional exhibits likewise confirm facts alleged in the Complaint. *See* Blair Decl., Exs. G (Activision's SEC filing confirming dissolution of partnership with Bungie and resulting loss of revenue), K (2010 press release confirming Activision's partnership with Bungie), L (press release confirming Bungie's acquisition of $100 million from NetEase).

- 7 -

TOR GRONBORG
SCOTT H. SAHAM
TRIG R. SMITH
MATTHEW I. ALPERT
SARA B. POLYCHRON
ALEXI H. PFEFFER-GILLETT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

- 8 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 7, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List.

s/ TRIG R. SMITH
TRIG R. SMITH

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: TrigS@rgrdlaw.com

# Mailing Information for a Case 2:19-cv-03788-SVW-AFM Chase Hamano v. Activision Blizzard, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com,e_file_sd@rgrdlaw.com,2127683420@filings.docketbird.com

- **Alaina Ashley Bird**
  lbird@irell.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com

- **Tor Gronborg**
  torg@rgrdlaw.com,crosini@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Todd L Kammerman**
  tkammerman@aftlaw.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Marvin A Miller**
  mmiller@millerlawllc.com,JRamirez@millerlawllc.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Alexi Pfeffer-Gillett**
  agillett@rgrdlaw.com

- **Sara B Polychron**
  spolychron@rgrdlaw.com

- **Scott H Saham**
  scotts@rgrdlaw.com,e_file_sd@rgrdlaw.com,9138481420@filings.docketbird.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Heather Marie Speers**
  hspeers@cooley.com,bbrant@cooley.com,efiling-notice@ecf.pacerpro.com

- **Erin Carey Trenda**
  etrenda@cooley.com,kjones@cooley.com,efiling-notice@ecf.pacerpro.com

- **Craig Varnen**
  cvarnen@irell.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`