COOLEY LLP
KOJI F. FUKUMURA (189719) (kfukumura@cooley.com)
RYAN E. BLAIR (246724) (rblair@cooley.com)
ERIN C. TRENDA (277155) (etrenda@cooley.com)
HEATHER M. SPEERS (305380) (hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

*Attorneys for Defendants Activision Blizzard, Inc.,
Robert A. Kotick, and Collister Johnson*

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, SPENCER NEUMANN AND COLLISTER JOHNSON,<br><br>Defendants. | Case No. 2:19-CV-03788-SVW-AFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date: October 28, 2019<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br><br>***Oral Argument Requested*** |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' REPLY I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM**

Reconsideration of the Court's September 11, 2019 order summarily denying Defendants' Motion to Dismiss (Dkt. 84 ("Order")) is not only warranted, but *necessary* to assess whether Plaintiff's Complaint has met the rigorous pleading requirements both Congress and the Supreme Court have required in private securities fraud actions under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).  Plaintiff's Opposition assumes that the Court made these determinations.  Respectfully, the Court did not.  There is nothing on the face of the Court's docket-text Order explaining its reasoning, much less anything indicating that the Court applied these heightened pleading requirements.  In fact, the Order's suggestion that it would be "impermissibl[e]" to "look beyond the pleadings" makes clear that the PSLRA and *Tellabs* requirements were not applied, because those standards do permit looking beyond the pleadings.  Whether called "clear error," "manifest injustice," or a "failure to consider material facts presented to the Court," the result is the same—the Court should reconsider Defendants' Motion to Dismiss by applying the proper heightened pleading requirements that it has not yet applied.  Plaintiff's Opposition (Dkt. 97 ("Opp.")) does not change this conclusion.

*First*, Plaintiffs are wrong that Defendants simply reargued the merits of the Motion to Dismiss in their Motion for Reconsideration (Dkt. 88-1 ("Motion" or "Mot.")).  (Opp. at 1:13-16, 2:9-4:8.)  To the contrary, Defendants' Motion identified only that the Court's Order does not appear to have considered the absence of any well-pled facts in the Complaint under the heightened pleading standards of the PSLRA.  *See* L.R. 7-18(c).  Far from making the "exact same arguments" (*id.* at 2:19-21), the Motion establishes that the Court has what it needs on the face of the Complaint to make the necessary determination on each of the three bases for dismissal: (1) whether Plaintiff alleged with particularity facts that made the challenged statements false or misleading when made; (2) whether the alleged facts raise a strong inference of scienter (*i.e.*, that Defendants acted with the intent to deceive or deliberate recklessness), and (3) whether Plaintiff has alleged facts that undercut any theory of loss causation.  Plaintiff also

1.

**DEFENDANTS' REPLY I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM**

mischaracterizes Defendants' citation to the Court's decision in *Anshen v. Facebook*, 2017 WL 5635021 (C.D. Cal. Oct. 4, 2017) (Wilson, J.). (Opp. at 3:1-7.) Defendants did not cite this case as new authority that would provide a basis for reconsideration. Rather, they cited the case to show the Court that it previously—and recently—has applied the heightened pleading requirements in making the necessary determinations on the pleadings, for example, by examining the pleadings and drawing inferences on scienter. The Court must undertake the same exercise here, which is what the Motion urges. (Mot. at 1:2-25, 7:9-8:10.)[1]

***Second***, Plaintiff's argument that Defendants have not alleged "clear error" and demonstrated "manifest injustice" in the Court's Order because they did not use those precise buzz words in the Motion falls flat. By summarily denying Defendants' Motion to Dismiss, the Court provides the basis for reconsideration because there is not a scintilla of evidence in the Order establishing that the Court performed the analysis necessary under the PSLRA. This failure falls under Local Rule 7-18(c), and it represents "clear error" and a resulting "manifest injustice" of the exact type the PSLRA was enacted to prevent. (Mot. at 1:1-3:18, 9:12-19.) Relying heavily on two inapposite decisions by the Court rejecting other motions for reconsideration, Plaintiff argues that Defendants have not made "any showing" that the Court did not make the required determinations under the PSLRA. (Opp. at 5:6-6:10.) But both decisions involved detailed underlying orders far different than the docket-text Order here, and neither decision involved a private securities fraud action.[2] *Cf. Lindberg*, 2014 WL 12617377,

---

[1] Plaintiff argues in a footnote that Defendants have not confronted the "additional alleged false or misleading statements" that Plaintiff abandoned in its opposition briefing. (Opp. at 4 n.6.) But just like the other statements, the Court has what it needs to determine if Plaintiff alleged with particularity facts that made the challenged statements false or misleading when made.

[2] In *Lindberg v. Kazak-Mars, Inc.*, the Court cited express language in the Court's prior order that "clearly shows that the Court considered" the facts presented. 2014 WL 12617377, at *2 (C.D. Cal. Aug. 8, 2014) (Wilson, J.) ("After referencing these features, the Court then discussed them in some length."). Similarly, in *Mercuri v. Occidental Tower Apartments*, the Court cited specific pages of the Court's order where the issues were considered. 2019 WL 4316248 (C.D. Cal. July 18, 2019) (Wilson, J.).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' REPLY I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

at *2 ("In light of these statements in the Court's prior order, Plaintiff cannot accurately argue that the Court did not consider these facts in its prior decision.").

**Third**, Plaintiff misses the point on judicial notice and incorporation by reference. (Opp. at 1:21-22, 6:24-16.) The materials need not "contradict or call into question anything on the face of the Complaint" to be considered on a motion to dismiss. (*Id.* at 1:22-24; *see also id.* at 6:24-27.) *Tellabs* makes that clear. 551 U.S. at 322 (when ruling on a Section 10(b) motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). Here, the materials attached to the Blair declaration provide the necessary context to assist the Court with evaluating the challenged statements, and it is proper for the Court to consider them. (Mot. at 8:13-9:10.)

***

The crux of Defendants' Motion is that the Court failed to scrutinize and determine the sufficiency of Plaintiff's alleged facts under the heightened pleading standards of the PSLRA. (*See generally* Mot.) While Plaintiff tries to characterize the Court's Order as a "straightforward and legally-supported holding," (Opp. at 1:20), it does not articulate **any** basis for why the Court felt it could not make the necessary determinations on Defendants' Motion to Dismiss or cite any legal support, it "provides no meaningful guidance" to the parties, and it makes no showing that the Court made the determinations required by the PSLRA. (*See* Order.) *Cf. Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061-62 n.5 (9th Cir. 2008). The Ninth Circuit has found such a "truncated manner" of ruling on a motion to dismiss to be problematic, particularly in private securities fraud cases. *See id.*[3]

---

[3] *Metzler Inv. GMBH*, 540 F.3d at 1061-62 n.5 ("Although there is no absolute rule requiring a district court to issue a written dismissal for failure to state a claim, the preferred practice is to provide at least some modest explanation for the decision. . . . A review of published and unpublished decisions in recent securities fraud cases confirms

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

DEFENDANTS' REPLY I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

Defendants do not seek reconsideration lightly, but it is necessary here. The Court should reconsider the Order, undertake the full analysis required by Congress and the Supreme Court, and dismiss the Complaint in its entirety.

Dated:      October 11, 2019          COOLEY LLP


                                      /s/ Koji F. Fukumura
                                      Koji F. Fukumura (189719)

                                      Attorneys for Defendants
                                      ACTIVISION BLIZZARD, INC.,
                                      ROBERT A. KOTICK, AND
                                      COLLISTER JOHNSON

Dated:      October 11, 2019          IRELL & MANELLA LLP


                                      /s/ Craig Varnen
                                      Craig Varnen (170263)

                                      Attorneys for Defendant
                                      SPENCER NEUMANN

## **ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Koji F. Fukumura, attest on behalf of all other signatories that concurrence in the content of this filing and authorization to make this filing have been obtained from each of the other signatories.


Dated:      October 11, 2019          /s/ Koji F. Fukumura
                                      Koji F. Fukumura

213029897

that the truncated manner of dismissal here is the exception that proves the rule, as other district courts appear to routinely issue well-articulated dismissal orders.").

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

DEFENDANTS' REPLY I/S/O
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM