ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG (179109)
SCOTT H. SAHAM (188355)
TRIG R. SMITH (237399)
MATTHEW I. ALPERT (238024)
SARA B. POLYCHRON (244685)
ALEXI H. PFEFFER-GILLETT (313709)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
scotts@rgrdlaw.com
trigs@rgrdlaw.com
malpert@rgrdlaw.com
spolychron@rgrdlaw.com
agillett@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ACTIVISION BLIZZARD, INC., et al., <br><br> Defendants. | Case No. 2:19-cv-03788-SVW-AFM <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION <br><br> Date:  December 9, 2019 <br> Time:  1:30 p.m. <br> Judge:  Hon. Steven V. Wilson <br><br> **Oral Argument Requested** |

Lead Plaintiff United Association Local Union 393 Defined Benefit Pension Plan and Defined Contribution Plans ("plaintiff") submits this Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Reconsideration and Granting Defendants' Motion for Reconsideration and Granting Defendants' Motion to Dismiss (ECF No. 111) (the "Order").

## I.    BACKGROUND

Plaintiff moves the Court to reconsider its October 17, 2019 Order granting defendants' motion to dismiss the consolidated complaint.  The Order must be reversed for two reasons.  ***First***, the Court erred in applying the *Tellabs* standard. Both the Supreme Court and the Ninth Circuit are clear that dismissal is warranted as to scienter only if a nonculpable inference is ***more*** plausible than the culpable inference.[1]  *See  Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) (culpable inference need only be "at least as compelling"); *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1033 (9th Cir. 2016) ("[T]he fraudulent inference need not be more compelling than its nonfraudulent alternatives; if two possible inferences – one fraudulent and the other nonfraudulent – are equally compelling, a plaintiff has demonstrated a strong inference of scienter.").  "'In other words, the tie goes to the Plaintiff.'"  *In re Amgen Sec. Litig.*, No. CV 07-2536 PSG (PIAx), 2014 WL 12585809, at *8 (C.D. Cal. August 4, 2014).  Because the Court explicitly found that all of plaintiff's allegations "have an ***equally***-plausible non-culpable explanation" (Order at 4), *Tellabs* requires that defendants' motion to dismiss be denied.

***Second***, the Court failed to consider material facts regarding the timing of defendants' false or misleading statements.  The Court only weighed the inference of scienter based on "contested statements [that] covered a period until September 30, 2018." Order at 4 n.4.  But plaintiff alleges that defendants made false or misleading

---

[1]    Citations are omitted and all emphasis is added unless otherwise noted.

statements about Activision's contract with Bungie as late as November 8, 2018.  The Court therefore failed to consider factual allegations showing additional material support for the inference of scienter.

## II.    ARGUMENT

### A.    *Tellabs* Requires that Dismissal Be Reversed

The Court found that defendants' motion for reconsideration was properly before the Court because it "misapplied the standard articulated in *Tellabs*."  Order at 1.  In attempting to correct its misapplication, the Court weighed the facts and found that plaintiff's allegations of scienter had an "equally-plausible" nonculpable inference.  *Id.* at 4.  According to the Court, dismissal was required under *Tellabs* because "a 'reasonable person would deem' the nonculpable inference is 'at least as compelling as any opposing inference one could draw from the facts alleged.'"  *Id.*

But that is a clearly erroneous application of the pleading standard.  Indeed, *Tellabs* requires the exact opposite.  The Supreme Court instructs that in weighing the sufficiency of scienter allegations, "[a] complaint ***will survive*** . . . if a reasonable person would deem ***the inference of scienter*** cogent and ***at least as compelling*** as any opposing inference one could draw from the facts alleged."  *Tellabs*, 551 U.S. at 324.  In other words, allegations of scienter meet the PSLRA pleading requirements if they are "***equally*** compelling" as nonculpable inferences.  *See In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 710 (9th Cir. 2012) ("When compared to the inference that VeriFone was grossly negligent and overwhelmed . . . , the inference that [individual defendants], and by extension VeriFone, were deliberately reckless to the truth or falsity of the financial reports is ***equally compelling***.  Accordingly, we reverse the district court's dismissal of the complaint.").

Here, this Court did not find the nonculpable inference more plausible, but rather stated that it could not conclude that such an inference was "less plausible than the nefarious justification."  Order at 4.  It expressly found that "each of the factual allegations Plaintiff provides have an equally-plausible non-culpable explanation."  *Id.*

- 2 -

As the Court explained, it was "equally plausible [that] Activision diverted developers away from Bungie's products for non-nefarious reasons," "equally plausible . . . that both Bungie and Activision were still seriously invested in Destiny's future" during public tension about *Destiny*'s performance, and "plausible" that "Activision ended its relationship with Bungie in the three months between its third-quarter 10-Q liability and December 31, 2018." *Id.* at 2, 4. The Court thus expressly found a "tie" (*i.e.*, equal plausibility) between culpable and nonculpable inferences. Under *Tellabs* and Ninth Circuit precedent, such a tie is required to be decided in plaintiff's favor, and therefore, dismissal must be reversed.

### B. The Court Failed to Consider Plaintiff's Material Allegations

Civil Local Rule 7-18 requires reconsideration upon a "manifest showing of a failure to consider material facts presented to the Court." Here, the Court did not properly consider material facts concerning the timing of defendants' last misrepresentations on November 8, 2018. In its Order granting dismissal, the Court found it "plausible that . . . Activision ended its relationship with Bungie in the ***three months*** between its third-quarter 10-Q liability and December 31, 2018." Order at 4. In a footnote, the Court explained that "the contested statements covered a period ***until September 30, 2018***." *Id.* at 4 n.4. But, the inference of scienter turns not on the period covered by a financial filing, but on the speaker's "'***contemporaneous*** knowledge that the statement was false ***when made***.'" *See Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989 (9th Cir. 2008) (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 847 (9th Cir. 2003)).

Contrary to the Court's timeline, plaintiff alleges that defendants made false or misleading statements on November 8, 2018. These statements specifically portray Activision's contract with Bungie as "long-term," *Destiny* as a "key product franchise[]," and Activision and Bungie as "working together to address community

- 3 -

concerns" about *Destiny*.  ¶¶45-46.[2]  Defendants did not limit these statements to the quarterly period ending on September 30, 2018.  Indeed, defendants explicitly referenced events that occurred *after* September 30, 2018 in the November 8, 2018 earnings conference call and 10-Q at issue.  *See, e.g.*, Ex. A at 37 (10-Q stating: "we made federal tax payments of $334 million in October 2018"); Ex. B at 5 (defendant Collister Johnson stating on the November 8, 2018 conference call that "in October, Activision saw a step-change growth in its monthly active users").[3]  Because scienter turns on defendants' contemporaneous knowledge at the time of their statements, the relevant period – *i.e.*, the time between defendants' last misrepresentations and the Bungie contract formally ending – was significantly shorter than the Court allowed.  ¶¶46-48, 70.

This error in the factual timeline is material.  The Court itself looked to the length of time in considering the plausibility of the nonculpable inference – *i.e.*, that the Activision-Bungie relationship could have collapsed in a span of *three months*, after September 30, 2018.  The Court made this determination despite acknowledging, earlier in its Order, that the November 8, 2018 date of the conference call may "be relevant to consider the speed at which the relationship between Activision and Bungie eventually dissolved."  Order at 2 n.1.  Because the nonculpable inference indeed turns on the speed of the Activision-Bungie relationship's collapse, the Court's factual error in measuring the relevant timeline is material and provides a second, independent basis for reconsideration.

---

[2]  All "¶_" and "¶¶_" references are to the Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 76) ("Complaint").

[3]  All "Ex. _" citations herein are to the Declaration of Trig Smith in Support of Plaintiff's Motion for Reconsideration.  These documents may be considered as incorporated by reference into the Complaint.  *See* ECF No. 81 at 1 (plaintiff's statement of non-opposition to incorporating by reference the November 8, 2018 conference call and 10-Q, among other documents); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (documents incorporated by reference "may properly [be] considered . . . in [their] entirety").

- 4 -

The error is particularly important given the Court's finding that "each of the factual allegations" have an "equally-plausible" nonculpable inference. Order at 4. If the nonculpable inference is *equally* plausible based on the possibility that the contract with Bungie might have deteriorated in three months, the nonculpable inference must be *less plausible* if the window for the contract to deteriorate is significantly shorter. As discussed above, *Tellabs* requires nothing more than equal plausibility of scienter allegations. Plaintiff has, therefore, more than adequately alleged scienter under *Tellabs*, and defendants' motion to dismiss should be denied.

## III.    CONCLUSION

*Tellabs* and Ninth Circuit authority require that equally-plausible inferences be drawn in plaintiffs' favor at the motion to dismiss stage. By instead drawing equally-plausible inferences in defendants' favor, the Court's Order represents a manifestly unjust and clearly erroneous outcome. The injustice is compounded by the Court's error in measuring the timeline between defendants' last misstatements and the official dissolution of the Activision-Bungie contract. In light of these errors, plaintiff respectfully requests that the Court reconsider its Order and deny defendants' motion to dismiss the Complaint.

DATED: November __, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG
SCOTT H. SAHAM
TRIG R. SMITH
MATTHEW I. ALPERT
SARA B. POLYCHRON
ALEXI H. PFEFFER-GILLETT

s/ Trig R. Smith
TRIG R. SMITH

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

- 5 -

Cases\4830-2015-7355.v1-11/1/19

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 1, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Trig R. Smith
TRIG R. SMITH

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  trigs@rgrdlaw.com

- 6 -

# Mailing Information for a Case 2:19-cv-03788-SVW-AFM Chase Hamano v. Activision Blizzard, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com,e_file_sd@rgrdlaw.com,MAlpert@ecf.courtdrive.com

- **Alaina Ashley Bird**
  lbird@irell.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Neil N Desai**
  ndesai@wsgr.com,hvecino@wsgr.com,calendar@wsgr.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com

- **Tor Gronborg**
  torg@rgrdlaw.com,crosini@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Stephanie L Jensen**
  sjensen@wsgr.com

- **Todd L Kammerman**
  tkammerman@aftlaw.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Marvin A Miller**
  mmiller@millerlawllc.com,JRamirez@millerlawllc.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Alexi Pfeffer-Gillett**
  agillett@rgrdlaw.com

- **Sara B Polychron**
  spolychron@rgrdlaw.com

- **Scott H Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Heather Marie Speers**
  hspeers@cooley.com,bbrant@cooley.com,efiling-notice@ecf.pacerpro.com

- **Jason M Storck**
  jstorck@wsgr.com

- **Erin Carey Trenda**
  etrenda@cooley.com,kjones@cooley.com,efiling-notice@ecf.pacerpro.com

- **Craig Varnen**
  cvarnen@irell.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)