COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
ERIN C. TRENDA (277155)
(etrenda@cooley.com)
HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile:  (858) 550-6420

*Attorneys for Defendants Activision Blizzard, Inc.,
Robert A. Kotick, and Collister Johnson*

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, SPENCER NEUMANN, AND COLLISTER JOHNSON,<br><br>Defendants. | Case No. 2:19-CV-03788-SVW-AFM<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Date:     December 9, 2019<br>Time:    1:30 p.m.<br>Judge:   Hon. Steven V. Wilson |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

**DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM**

Defendants Activision Blizzard, Inc. ("Activision"), Robert A. Kotick, Spencer Neumann, and Collister Johnson (collectively, "Defendants") submit this opposition to Plaintiff's Motion for Reconsideration (Dkt. No. 113).

## I.   INTRODUCTION

In its order dated October 17, 2019 granting Defendants' Motion for Reconsideration (Dkt. No. 111 ("Order")), this Court ordered Plaintiff to file an amended complaint within twenty-one days (*i.e.*, November 8, 2019). Presumably, because it could not plead any additional facts bearing on the Defendants' state of mind, Plaintiff had no choice other than to attack the Court's Order by way of this Motion for Reconsideration. The Court should deny Plaintiff's motion for two reasons.

*First*, it is evident from the Order that the Court both understood and applied the correct law. The Court accurately stated the legal standard set forth in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), engaged in the proper analysis to determine whether the facts supported a strong inference of scienter, and concluded that "[i]nferring scienter from these sparse allegations would require impermissible speculation." (Order at 4.) Plaintiff quibbles with other language in the Order, but it points to nothing that undermines the Court's properly supported conclusion that the Complaint fails to plead a strong inference of scienter as required under *Tellabs*.

*Second*, Plaintiff's argument that the Court failed to consider the timing of the November 8, 2018 statements is unsupported. The Court expressly acknowledged this timing and concluded that it did not support an inference of scienter. In any event, Plaintiff's attempt to elevate the significance of this timing for the first time on a Motion for Reconsideration is improper. If this was a material fact, Plaintiff should have stated so in its Complaint (Dkt. No. 76) and/or Opposition to Defendants' Motion to Dismiss (Dkt. No. 80). Plaintiff did not, and it cannot use a Motion for Reconsideration to correct deficiencies in its pleadings.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

Plaintiff's Motion for Reconsideration should therefore be denied. Moreover, since Plaintiff failed to file an amended complaint in accordance with the Court's Order (Order at 5), the case should be dismissed with prejudice.

## II.  ARGUMENT

### A.  The Court Correctly Applied *Tellabs* in Concluding Plaintiff Did Not Plead Facts Supporting a Strong Inference of Scienter.

Plaintiff cherry-picks language in the Court's Order to incorrectly assert that the Court's application of the pleading standard for scienter was "clearly erroneous." (Dkt. No. 113 at 2.) In doing so, Plaintiff ignores the heart of the Court's analysis, which makes clear that the Court applied the correct legal standard:

> To determine whether the plaintiff has alleged facts that give rise to the requisite strong inference of scienter," the court considers "plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Tellabs*, 551 U.S. at 551. "***The inference that the defendant acted with scienter need not be irrefutable,*** i.e., of the smoking-gun genre, ***or even the most plausible of competing inferences***." *Id.* (internal quotation marks omitted).

(Order at 4 (emphasis added).)

Nor does Plaintiff address the Court's unambiguous findings: (1) "Plaintiff has only provided sparse factual allegations to imply the scienter necessary for liability under the Private Securities Litigation Reform Act" (*id.* at 1–2); (2) "Inferring scienter from these sparse allegations would require impermissible speculation" (*id.* at 4); and (3) "Plaintiff's combined facts and allegations 'when considered holistically' do not 'give rise to a strong inference of scienter'" (*id.* (citation omitted)).[1]

Instead, Plaintiff focuses exclusively on other language in the Order stating that competing inferences may have been "equally plausible." (Dkt. No. 113 at 2.) But this same cherry-picking tactic was used—and rejected—in *Louisiana School Employees'*

---

[1] These finding were consistent with the parties' briefing on scienter, including the complete absence of any confidential witnesses or other sources corroborating Plaintiff's sparse allegations, the lack of any suspicious stock sales, and the failure to identify any internal documents contradicting what Defendants said publicly. (Dkt. No. 78-1 at 19–24; Dkt. No. 80 at 17–22; Dkt. No. 82 at 12–16.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

*Retirement System v. Ernst & Young, LLP*, 622 F.3d 471 (6th Cir. 2010) because it distorts the Court's actual ruling. There, the "plaintiffs argue[d] that the district court utilized the improper pre-*Tellabs* evidentiary inferences in concluding that their allegations do not raise a strong inference of scienter." *Id.* at 477. "In its discussion of scienter, the district court correctly paraphrased the *Tellabs* standard but also repeated [the Sixth Circuit's] pre-*Tellabs* holding, which articulates a higher pleading standard" under which "[p]laintiffs are only entitled to the most plausible of competing inferences." *Id.* at 476–77. After reviewing the underlying analysis, the Sixth Circuit found that "[t]he district court correctly applied the law to the facts using the *Tellabs* standard, and the *Helwig* [*i.e.*, pre-*Tellabs* standard] quote was dicta that had no impact on the district court's analysis." *Id.* at 480.[2]

The same is true here. Despite the Court's use of "equally plausible" language, its analysis makes clear that it considered all plausible inferences (both culpable and non-culpable) arising from Plaintiff's allegations and found ***no*** culpable inferences standing in equipoise with non-culpable inferences. (Order at 2, 4.) For example, with respect to Plaintiff's allegations regarding "the structure of the agreement between Bungie and Activision" and "the NetEase investment of $100 million in Bungie seven months prior to the split," the Court concluded "evidence of Bungie's potential preparation to leave the relationship is ***not particularly relevant to Activision's intent to terminate***." (*Id.* (emphasis added).) The Court also considered "the removal of supplemental developers from Destiny" but found "this shift of development resources ***does not imply an impending dissolution of the relationship or Activision's knowledge thereof***." (*Id.* (emphasis added).) Finally, with respect to "the contentious earnings call

---

[2] In *Local 703, I.B. of T. Grocery & Food Employees Welfare Fund v. Regions Financial Corp.*, 2011 WL 12627599 (N.D. Ala. Aug. 23, 2011), the court made a similar determination in denying a motion for reconsideration. There, the court reasoned that "while this Court may have incorrectly cited to *Conley* [*i.e.*, pre-*Tellabs* standard] for the 'no set of facts' standard, the Court did in fact properly apply [the] correct standards [*i.e.*, *Tellabs*], and therefore, there is no clear error meriting reconsideration." *Id.* at *3.

**DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM**

in November of 2018," the Court found, "as alleged, *the call does not show an intent to end the relationship or any knowledge of impending dissolution*." (*Id.* (emphasis added).)

The Court's conclusions—whether considered individually or collectively—make clear that the Court's determination that Plaintiff failed to allege a strong inference of scienter was not a close call. (*See* Order at 4 ("Plaintiff's combined facts and allegations 'when considered holistically' do not 'give rise to a strong inference of scienter.'") (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1048 (9th Cir. 2014)).) And while the Court may have used inconsistent phrasing when stating that other inferences may have been "equally plausible," it is apparent from the Court's analysis that it correctly applied *Tellabs* and applicable Ninth Circuit authority. Thus, there is no clear error meriting reconsideration (indeed, the Court would arrive at the same result in any event).

**B.      Reconsideration of the Timing of the November 8, 2018 Statements Is Neither Necessary nor Warranted.**

Plaintiff's argument that "the Court did not properly consider material facts concerning the timing of [D]efendants' last [alleged] misrepresentations on November 8, 2018" (Dkt. No. 113 at 3) fares no better.

Plaintiff contends that the Court confined its analysis to statements made by Defendants through September 30, 2018 and failed to consider the allegedly false statements made during the November 8, 2018 earnings call. (*Id.*) This is false. The Court did consider the timing of the November 8, 2018 earnings call: "If the alleged call[] took place on November 8, 2018, *this information . . . [may] be relevant to consider the speed at which the relationship between Activision and Bungie eventually dissolved . . .*" (Order at 2, n.1 (emphasis added).) While Plaintiff may believe this argument should have been given more weight or disagree with the Court's finding that this did not create a strong inference of scienter, neither is a basis for reconsideration. *See Lindberg v. Kazak-Mars, Inc.*, 2014 WL 12617377, at *2 (C.D.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM

Cal. Aug. 8, 2014) (Wilson, J.) ("In light of these statements in the Court's prior order, Plaintiff cannot accurately argue that the Court did not consider these facts in its prior decision.  Instead, Plaintiff's argument for reconsideration seems to suggest that the Court did not give these features sufficient *weight*. . . . A motion for reconsideration is not the proper place for reconsideration of the Court's legal conclusions.") (emphasis in original).

Further, Plaintiff did not allege any facts in its Complaint, nor make any arguments in its Opposition to Defendants' Motion to Dismiss ("Opposition"), that would suggest the timing of the November 8, 2018 statements was a critical fact evidencing scienter.  (*See generally* Dkt. No. 76, Dkt. No. 80.)  Nor could it.  The Complaint contains no allegations about any meetings, communications, or other events that took place between September 30 and November 8, 2018 (or at any other time during the Class Period, for that matter) that would remotely suggest that this was the critical time period during which Activision decided to terminate its relationship with Bungie.  To the contrary, Plaintiff expressly argued in its Opposition that the termination was already a *fait accompli* as of August 2, 2018: "***Plaintiff's inference is that the Complaint's allegations of fact show that Defendants were aware of the dissolving relationship between Activision and Bungie, as well as the negotiations to end the Licensing Agreement prior to August 2, 2018***."  (Dkt. No. 80 at 18 (emphasis added).)  By doing so, Plaintiff concedes that the period between August 2, 2018 and November 8, 2018 is ***not*** the critical focus of the Complaint.[3]

Put simply, Plaintiff cannot use its Motion for Reconsideration as a vehicle for pleading a new theory unsupported by any factual allegations in the Complaint or arguments in its Opposition.  *See Christie v. Iopa*, 176 F.3d 1231, 1239 n.5 (9th Cir.

---

[3] Regardless, even if November 8 were a critical date, the outcome would be the same. The fact that the Court found it "plausible that . . . Activision ended its relationship with Bungie in the three months between [September 30] and December 31, 2018" does not preclude or in any way undermine a finding that it is more plausible the relationship with Bungie ended in the seven weeks between November 8 and December 31, 2018.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

**DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM**

1999) ("[W]e do not consider evidence or arguments presented for the first time in a motion for reconsideration."); *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746406, at *4 (C.D. Cal. Mar. 6, 2015) ("In hindsight, [plaintiff] may wish it had opposed [defendant's] motion on different grounds, but reconsideration is not an opportunity to take a second bite at the apple. It is an opportunity to correct the Court's error, not [plaintiff's].") (citation omitted).

Finally, to the extent Plaintiff had additional facts indicating that November 8 was a critical date, it could have filed an amended complaint, as instructed by this Court in its Order. Tellingly, Plaintiff's decision to not amend indicates that Plaintiff recognizes its last-ditch argument requires the type of pure speculation the PSLRA and *Tellabs* prohibit. *See, e.g.*, *Maresca v. Soufun Holdings Ltd.*, 2016 WL 6102318, at *7 (C.D. Cal. Oct. 18, 2016) ("speculation, devoid of factual substance, cannot satisfy the pleading standards of the PSLRA").

Thus, even if the Court had failed to consider the timing of these statements (which it did not), this would not warrant reconsideration. *See Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2019 WL 4565178, at *2 (C.D. Cal. Aug. 14, 2019) (rejecting argument that the court failed to consider material facts where "[t]he underlying evidence on which the United States now relies was not cited or discussed in its briefing . . . .").

## III. CONCLUSION

As the Court's analysis makes clear, the Court applied the correct legal standard, and properly concluded that Plaintiff failed to allege the strong inference of scienter that both the PSLRA and *Tellabs* require. The "equally plausible" language that Plaintiff picks out of the Court's Order does not undermine the Court's correct analysis or conclusions. Reconsideration is not warranted. Accordingly, for the reasons discussed above, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration. Moreover, because Plaintiff "fail[ed] to comply with [the] Order" by

not filing an amended complaint (Order at 5), Defendants' request that the case be dismissed with prejudice.

Dated:  November 18, 2019      COOLEY LLP
                               KOJI F. FUKUMURA (189719)
                               RYAN E. BLAIR (246724)
                               ERIN C. TRENDA (277155)
                               HEATHER M. SPEERS (305380)


                               */s/ Koji F. Fukumura*
                               Koji F. Fukumura (189719)

                               Attorneys for Defendants
                               ACTIVISION BLIZZARD, INC.,
                               ROBERT A. KOTICK, AND
                               COLLISTER JOHNSON

Dated:  November 18, 2019      IRELL & MANELLA LLP


                               */s/ Craig Varnen*
                               Craig Varnen (170263)

                               Attorneys for Defendant
                               SPENCER NEUMANN

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Koji F. Fukumura, attest on behalf of all other signatories that concurrence in the content of this filing and authorization to make this filing have been obtained from each of the other signatories.


Dated:  November 18, 2019      */s/ Koji F. Fukumura*
                               Koji F. Fukumura

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION FOR RECONSIDERATION
2:19-CV-03788-SVW-AFM