ROBBINS GELLER RUDMAN
  & DOWD LLP
TOR GRONBORG (179109)
SCOTT H. SAHAM (188355)
TRIG R. SMITH (237399)
MATTHEW I. ALPERT (238024)
SARA B. POLYCHRON (244685)
ALEXI H. PFEFFER-GILLETT (313709)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
scotts@rgrdlaw.com
trigs@rgrdlaw.com
malpert@rgrdlaw.com
spolychron@rgrdlaw.com
agillett@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ACTIVISION BLIZZARD, INC., et al., <br><br> Defendants. | Case No. 2:19-cv-03788-SVW-AFM <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION <br><br> DATE:    December 9, 2019 <br> TIME:    1:30 p.m. <br> DEPT.:   Hon. Stephen V. Wilson |

Cases\4829-1142-9037.v1-11/21/19

Lead Plaintiff United Association Local Union 393 Defined Benefit Pension Plan and Defined Contribution Plans submits this Reply in Support of its Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Reconsideration and Granting Defendants' Motion to Dismiss (ECF No. 111) (the "Order").

## I.    INTRODUCTION

In opposing Plaintiff's Motion for Reconsideration, Defendants first argue that the Court did not actually find that Plaintiff's factual allegations created an "equally plausible" inference of scienter compared to any non-culpable explanations, even though the Order expressly states such a finding.  Defendants then go on to accuse Plaintiff of impermissibly using reconsideration to plead a "new theory," that scienter as to Defendants' November 8, 2018 statements turns on Defendants' knowledge as of that date.  The Court should reject both these arguments and grant reconsideration.

***First***, reconsideration is warranted and necessary for the Court to properly apply the *Tellabs* pleading standard to its factual conclusions.  *Tellabs* requires that dismissal be denied as to a defendant's state of mind if a court finds that allegations of scienter are "at least as compelling" as any non-culpable explanations.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).[1]  Here, the Court's Order did the opposite, granting dismissal despite finding that "each of the factual allegations Plaintiff provides have an equally-plausible non-culpable explanation."  Order at 4.

***Second***, Plaintiff has pointed out a factual error in the Court's analysis of Defendants' knowledge of their November 8, 2018 misrepresentations.  Defendants again try to distort the issue, claiming the Court may not consider anything beyond Defendants' knowledge as of August 2, 2018, the date of the first alleged

---

[1]    Citations are omitted and all emphasis is added unless otherwise noted.  All "¶_" and "¶¶_" references are to the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF No. 76).

- 1 -

misrepresentations.   Defendants cite no case law for this date cut-off when considering subsequent misrepresentations, and none exists.  Rather, Plaintiff clearly alleged that the November 8, 2018 statements are independently actionable and were made with fraudulent intent *at the time*.

Plaintiff does not ask for reconsideration lightly.  But this Court has already granted reconsideration once, at Defendants' request, for purportedly misapplying the *Tellabs* standard.  Here, the Court did misapply the standard.  Plaintiff thus asks for no more than Defendants did in seeking reconsideration: a proper application of the *Tellabs* standard to the Court's findings.  Because "each of the factual allegations Plaintiff provides have an equally-plausible non-culpable explanation," Plaintiff has adequately alleged scienter under *Tellabs*.  Order at 4.

Plaintiff therefore respectfully asks that the Court reconsider its Order to apply the correct *Tellabs* standard and to consider the complete factual timeline of the November 8, 2018 statements.

## II.   ARGUMENT

### A.   *Tellabs* Requires that the Motion to Dismiss Be Denied

Defendants do not dispute that the Court explicitly found that "each of the factual allegations Plaintiff provides have an equally-plausible non-culpable explanation."  Order at 4.  Nor do Defendants dispute that, under *Tellabs*, a finding that allegations of scienter are "equally plausible" necessarily means Defendants are not entitled to dismissal because "equally-plausible" inferences must be resolved in Plaintiff's favor.  *See Tellabs*, 551 at 324; *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1033 (9th Cir. 2016).

Instead, Defendants – not Plaintiff – cherry-pick and mischaracterize pieces of the Order in an attempt to paper over the Court's express and unambiguous findings about plausibility.  Defendants refer to the Court's recitation of the *Tellabs* standard as "the heart of the Court's analysis."  ECF No. 119 ("Defs' Opp.") at 3.  But the actual analysis applying the *Tellabs* standard to the Court's factual findings, omitted from

- 2 -

Cases\4829-1142-9037.v1-11/21/19

Defendants' opposition brief, begins in the very next sentence of the Order. Deviating from the quoted standard, the Order does not ask whether the non-culpable inferences are more plausible, as *Tellabs* requires, but rather whether the nonculpable inferences are "less plausible than the nefarious justification." Order at 4. This is a misapplication of the standard, as it requires the plaintiff to show greater plausibility of scienter allegations compared to non-culpable explanations.

Defendants further claim that the court made unambiguous "findings" that the allegations are "sparse" and "'when considered holistically' do not 'give rise to a strong inference of scienter.'" Defs' Opp. at 3. But these conclusions do not undermine or obviate the Court's express findings weighing the plausibility of competing inferences. The Court found that specific allegations of scienter were "equally plausible" as non-culpable explanations and that, overall, "each of the factual allegations Plaintiff provides have an equally-plausible non-culpable explanation." Order at 2, 4. Because the Court incorrectly deemed allegations with "equally-plausible non-culpable explanation[s]" to be insufficient under *Tellabs*, it concluded that these allegations were therefore too "sparse" and did not give rise to a strong enough inference of scienter.

In opposing reconsideration, Defendants essentially argue that because the Court correctly quoted the relevant standard in reaching its ultimate holdings of law, the Court may not reconsider its application of the standard to its factual findings. Defendants rely on a Sixth Circuit case, *La. Sch. Emps' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471 (6th Cir. 2010), for this suspect contention. Defs' Opp. at 4. But *Ernst & Young* says nothing of the sort.[2] And the Sixth Circuit has expressly reversed

_____

[2] The Sixth Circuit expressly rejected the district court's reference to a pre-*Tellabs* standard that would have required plaintiffs to plead the "most plausible of competing inferences," *see id.* at 480, which is the exact standard to which Plaintiff was held in this case. Order at 4. However, the Sixth Circuit concluded that "[t]he district court correctly applied the law to the facts using the *Tellabs* standard, and the [pre-*Tellabs*] *Helwig* quote was dicta that had no impact on the district court's analysis." *Ernst & Young*, 622 F.3d at 480. Here, by contrast, the Order does not quote an incorrect standard and then apply the correct one. It does the opposite, quoting the correct

- 3 -

dismissal of a securities case where, like here, the district court put the burden on plaintiffs to show that the inference of scienter was more plausible than competing inferences. *See Frank v. Dana Corp.*, 547 F.3d 564, 571 (6th Cir. 2008) (vacating judgment of dismissal "[b]ecause the 'most plausible' pleading standard applied by the district court is at odds with *Tellabs*").

Regardless, in the Ninth Circuit "it's not enough to recite the correct legal standard; [courts] must actually apply it." *Abovian v. I.N.S.*, 257 F.3d 971, 971 n.1 (9th Cir. 2001). In *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir. 2003), for example, the Ninth Circuit held that "the district court applied an improper legal standard when assessing the 'possibility of irreparable injury'" for a preliminary injunction. "Although the court began with an accurate recitation of the legal standard," it then improperly applied that standard to its findings by looking to probability rather than possibility, denying the injunction on the ground that plaintiffs only established that "'harm could possibly occur'" and "'failed to identify any concrete probability of irreparable harm in any other respect.'" *Id.* The district court thus erred because it "place[d] a **higher burden of proof** on the plaintiff than is warranted." *Id.* The same is true here, where the Court accurately recited the *Tellabs* standard but then placed a higher burden on Plaintiff, requiring Plaintiff to allege that non-culpable inferences were "***less*** plausible" and not just "equally plausible." Order at 2, 4. Under *Tellabs*, Plaintiff's "equally-plausible" allegations of scienter are sufficient, and dismissal should be reversed.

**B.    Plaintiff Explicitly Alleged Fraudulent Intent as of November 8, 2018**

As with application of the *Tellabs* standard, Defendants also mischaracterize the factual timeline this Court considered in the Order. The Complaint alleges that

standard (the inference of scienter need not be the "most plausible of competing inferences"), but applying an incorrect one requiring Plaintiff to show "the 'nonculpable explanation for the defendant's conduct' is less plausible than the nefarious justification" and dismissing allegations with "equally-plausible non-culpable explanation[s]." Order at 4.

- 4 -

Defendants made actionable misstatements on two dates, August 2, 2018, and November 8, 2018. To be actionable, Defendants must have made the statements with fraudulent intent, meaning either knowing of or recklessly disregarding the collapsing Bungie relationship at the time of each statement.

Defendants use the existence of the earlier August 2, 2018 misrepresentations to argue that Plaintiff "concede[d] that the period between August 2, 2018 and November 8, 2018 is not the critical focus of the Complaint." Defs' Opp. at 6 (emphasis omitted). This is a red herring. Just because Plaintiff pleaded one set of earlier misrepresentations does not mean that the Court must refuse to consider additional intervening facts in its analysis of a later set of misrepresentations. Indeed, even if the Court determines that scienter is not adequately pled as to the August 2, 2018 statements, it does not follow that the Court must also dismiss the November 8, 2018 statements.

Far from "pleading a new theory" in the Motion to Reconsider (Defs' Opp. at 6), Plaintiff has consistently maintained that the November 8, 2018 statements are actionable independent of the August 2, 2018 statements. *See* ¶¶39-40. ("On November 8, 2018, Activision held its 3Q18 conference call. . . . Despite the building tension between the companies and ongoing negotiations to terminate the Licensing Agreement, Activision did not disclose that Activision and Bungie were parting and ending their relationship until January 10, 2019."); ECF No. 80 ("Opp. to MTD") at 15 ("It makes no sense to argue – as Defendants implicitly do – that unwinding the Licensing Agreement only took a matter of weeks (*i.e.*, ***between the misleading statement made on November 8, 2018 and December 31, 2018***), when it took nine months to finalize it in 2010."). Indeed, the Complaint alleges additional facts between August 2, 2018 and November 8, 2018 that would further support Defendants' motive for hiding the Bungie contract. ¶¶41-43 (detailing problems at Activision during the "fall of 2018," including multiple resignations and disappointing news for other game franchises); Opp. to MTD at 7-8 ("[B]etween July 2018 and

- 5 -

December 2018 . . . Defendants were under pressure to stem the flow of bad news."). Thus, Plaintiff adequately alleged and pleaded facts supporting November 8, 2018 as the critical date for evaluating scienter.

Contrary to Defendants' misrepresentation of the Complaint's allegations, the Court understood that August 2, 2018 is not the cut-off date for considering scienter as to Defendants' November 8 statements. Order at 4. However, the Court erred by expressly setting the cut-off at September 30, 2018 (Order at 4 n.4) when the relevant inquiry is Defendants' knowledge on November 8, 2018, the time they made the alleged misrepresentations.

## III.   CONCLUSION

Reconsideration is warranted to properly apply the *Tellabs* standard and properly consider Defendants' knowledge as of November 8, 2018. For these reasons, Plaintiff respectfully requests that the Court reconsider its Order and deny Defendants' Motion to Dismiss the Consolidated Complaint.[3]

DATED: November 25, 2019

ROBBINS GELLER RUDMAN & DOWD LLP
TOR GRONBORG
SCOTT H. SAHAM
TRIG R. SMITH
MATTHEW I. ALPERT
SARA B. POLYCHRON
ALEXI H. PFEFFER-GILLETT

s/ TRIG R. SMITH
TRIG R. SMITH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

---

[3]   Defendants argue that Plaintiff's decision not to amend the Complaint somehow is a concession that there are no additional facts supporting a strong inference of scienter. But reconsideration is the appropriate remedy where, as here, the Court's Order incorrectly applied the legal standard. If, after correctly applying the scienter standard, the Court nevertheless grants Defendants' Motion to Dismiss, Plaintiff should be provided leave to file an amended complaint.

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 25, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List.

s/ TRIG R. SMITH
TRIG R. SMITH

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: TrigS@rgrdlaw.com

Cases\4829-1142-9037.v1-11/21/19

- 7 -

# Mailing Information for a Case 2:19-cv-03788-SVW-AFM Chase Hamano v. Activision Blizzard, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com,e_file_sd@rgrdlaw.com,MAlpert@ecf.courtdrive.com

- **Alaina Ashley Bird**
  lbird@irell.com

- **Ryan E Blair**
  rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Neil N Desai**
  ndesai@wsgr.com,hvecino@wsgr.com,calendar@wsgr.com

- **Koji F Fukumura**
  kfukumura@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com

- **Tor Gronborg**
  torg@rgrdlaw.com,crosini@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Stephanie L Jensen**
  sjensen@wsgr.com

- **Todd L Kammerman**
  tkammerman@aftlaw.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Marvin A Miller**
  mmiller@millerlawllc.com,JRamirez@millerlawllc.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Alexi Pfeffer-Gillett**
  agillett@rgrdlaw.com

- **Sara B Polychron**
  spolychron@rgrdlaw.com

- **Scott H Saham**
  scotts@rgrdlaw.com,ScottS@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Heather Marie Speers**
  hspeers@cooley.com,bbrant@cooley.com,efiling-notice@ecf.pacerpro.com

- **Jason M Storck**
  jstorck@wsgr.com

- **Erin Carey Trenda**
  etrenda@cooley.com,kjones@cooley.com,efiling-notice@ecf.pacerpro.com

- **Craig Varnen**
  cvarnen@irell.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`