UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-03788-SVW-AFM | Date | March 23, 2020 |
| Title | *Chase Hamano v. Activision Blizzard, Inc. et al* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [132]

In the previous Order granting Defendants' motion for reconsideration and motion to dismiss, the Court concluded that Plaintiffs had failed to raise a strong inference scienter as required under *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) ("*Tellabs*"). Dkt. 111. In the amended complaint, Plaintiffs have introduced new evidence of statements made by a third-party investor following a conversation with Defendants' investor relations department.[1] Dkt. 128. Plaintiffs allege these statements show that Defendants knew that Activision's relationship with Bungie was doomed at the time of the allegedly misleading statements. However, these new statements were made by Activision's investor relations department to an investor shortly after the dissolution had already been announced publicly. Considering "plausible opposing inferences," it is more likely these statements were post-hoc attempts to assuage investor concerns than completely accurate representations of the factual situation at the time of the allegedly false statements. *Tellalbs*, 551 U.S. at 323. Although Plaintiffs' suggestion is perhaps "reasonable" and "permissible," assessing the facts "holistically," it is not "compelling" enough to fairly infer fraud. *Id.* at 324–26. In short, these newly alleged statements do not disturb the analysis provided in the Court's previous Orders. Dkt. 111; Dkt. 121.

Defendants' motion to dismiss is GRANTED. Plaintiffs are given fourteen days to amend their complaint, but failure to raise the necessary inference of scienter in future pleadings, if any, will result in dismissal with prejudice.

---

[1] The name of the party and the exact statements alleged to be made are filed under seal with this Court, and not recounted here.

| | |
|---|---|
| | : |
| Initials of Preparer | PMC |